1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GREGORY A. LYONS,

                Plaintiff,

    vs.

PEOPLE OF THE STATE OF
CALIFORNIA,

                Defendant.

           )
           )
           )
           )
           )
           )
           )
           )
           )

Case No. CV 13-1881-MWF (DTB)

ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

      Gregory A. Lyons, a California state prisoner currently incarcerated at Terminal Annex, in Los Angeles, California, purported to file a Petition for Writ of Habeas Corpus by a Person in State Custody herein on March 15, 2013. However, the petition alleged a "violation of Title VII of the Civil Rights Act of 1964 (Retaliation), [sic] of US Constitution, violation of 28 U.S.C. 1654." Further, in an attachment, Lyons appeared to allege that he has suffered retaliation for reporting that several jail deputies burned copies of the Quran. He claimed that, because he is being held in maximum security, he is being denied education, a low-sodium diet, "medical and dental," and other benefits, and also alleges that he has "suffered beatings from Deputies." By way of a separate minute order dated April 29, 2013, the Court explained that because the claims challenged the conditions, rather than the duration, of Lyon's confinement, they could not properly be asserted in a habeas petition. The

1

1  Court therefore exercised its discretion to construe the petition as a civil rights
2  complaint under 42 U.S.C. § 1983 ("Complaint").

3      On April 22, 2013, Lyons also filed an "Emergency Request for a Protective
4  Order," which, in the same minute order referenced above, the Court construed as an
5  application for a temporary restraining order ("Application").  The Court denied the
6  Application because Lyons had failed to meet the standard for injunctive relief, but
7  explained that he could renew his application with a discussion of the relevant factors
8  for such relief.

9      In accordance with the terms of the "Prison Litigation Reform Act of 1995"
10 ("PLRA"), the Court now has screened the Complaint, so construed, prior to ordering
11 service for purposes of determining whether the action is frivolous or malicious; or
12 fails to state a claim on which relief may be granted; or seeks monetary relief against
13 a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b);
14 42 U.S.C. § 1997e(c)(1).

15     The Court's screening of the Complaint under the foregoing statutes is
16 governed by the following standards.  A complaint may be dismissed as a matter of
17 law for failure to state a claim for two reasons:  (1) Lack of a cognizable legal theory;
18 or (2) insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica
19 Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint
20 states a claim on which relief may be granted, allegations of material fact are taken
21 as true and construed in the light most favorable to the plaintiff.  See Love v. United
22 States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Moreover, since plaintiff is appearing
23 pro se, the Court must construe the allegations of the Complaint liberally and must
24 afford plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police
25 Dep't, 839 F.2d 621, 623 (9th Cir. 1988).  However, "the liberal pleading standard
26 . . . applies only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S.
27 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  "[A] liberal interpretation
28 of a civil rights complaint may not supply essential elements of the claim that were

2

1   not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th
2   Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

3          Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and
4   complete statement of the claim showing that the pleader is entitled to relief."  As the
5   Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket
6   assertion, of entitlement to relief," and that "a plaintiff's obligation to provide the
7   'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,
8   and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual
9   allegations must be enough to raise a right to relief above the speculative level." See
10  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed.
11  2d 929 (2007) (internal citations omitted).  Where the allegations in a complaint "do
12  not permit the court to infer more than the mere possibility of misconduct, the
13  complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"
14  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009),
15  quoting Fed. R. Civ. P. 8(a)(2).  Thus, plaintiff must allege a minimum factual and
16  legal basis for each claim that is sufficient to give each defendant fair notice of what
17  plaintiff's claims are and the grounds upon which they rest.  See, e.g., Brazil v.
18  United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v.
19  Block, 932 F.2d 795, 798 (9th Cir. 1991).  Moreover, failure to comply with Rule 8(a)
20  constitutes an independent basis for dismissal of a complaint that applies even if the
21  claims in a complaint are not found to be wholly without merit.  See McHenry v.
22  Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651
23  F.2d 671, 673 (9th Cir. 1981).

24         After careful review and consideration of the Complaint under the foregoing
25  standards, the Court finds that it suffers from the following pleading deficiencies.
26  First, petitioner has failed to make an adequate showing of indigency.  The PLRA
27  amended 28 U.S.C. § 1915 to provide, *inter alia*, that all prisoners who file civil
28  actions must pay the full amount of the filing fee, and that any prisoner seeking to file

3

a complaint in a civil action without prepayment of fees must submit a completed Declaration in Support of Request to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u>.  In addition, prisoners must submit a certified copy of their prison trust fund account statement for the 6-month period immediately preceding the filing of his/her complaint, obtained from the appropriate official of the prison at which the prisoner is confined.  <u>See</u> 28 U.S.C. §§ 1915(a)(1)-(2), 1915(b)(1).  Here, when plaintiff submitted his "Petition" for filing, he failed to submit a certified copy of his trust account statement for the last six months.

Moreover, as the current action was not submitted on a civil rights complaint form, certain critical information, such as the name and capacity in which the defendants are sued, is lacking.  The Court notes that petitioner has merely alleged the "People of the State of California" as the party to his action, but the Eleventh Amendment bars suits by private citizens against state governments.  <u>See</u> <u>Natural</u> <u>Resources Defense Council v. California Dep't of Transp.</u>, 96 F.3d 420, 421 (9th Cir. 1996).  Finally, it appears from the face of the Complaint that plaintiff has not exhausted this administrative remedies as also required by the PLRA.  <u>See</u> 42 U.S.C. § 1997e(a).

Accordingly, the Complaint is dismissed with leave to amend.[1]  <u>See</u> <u>Noll v.</u> <u>Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a <u>pro se</u> litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).  If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint within thirty (30) days of the date of this Order remedying the deficiencies discussed above.

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be

---

[1]   In light of this Court's dismissal, plaintiff's request for an evidentiary hearing is denied without prejudice as premature.

4

complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document.  The Clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: May 1, 2013

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

5

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### INSTRUCTIONS FOR FILING A CIVIL RIGHTS COMPLAINT BY A PRISONER - GENERAL INSTRUCTIONS

This package includes the following documents:

        4 copies - complaint form
        4 copies - declaration to proceed without prepayment of filing fees

In order for your complaint to be filed, you must submit the original and two copies of **both** the complaint and declaration to the Clerk. The remaining copy of each is for you to keep for your records. Your complaint must be typewritten or legibly handwritten in ink. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you must use the reverse side of the form or an additional blank page. You must file a separate complaint for each claim unless they are all related to the same incident or issue. You are required to allege facts; not legal arguments or authorities.

### FILING FEES

**Payment of filing fee required**

In accordance with 1996 amendments to the in forma pauperis statute, 28 U.S.C. § 1915, as a prisoner you will be obligated to pay the full filing fee of $350 for a civil action regardless of your forma pauperis status and the disposition of the case. If you have the money to pay the filing fee, you should submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major America bank or the United States Postal Service, payable to the *Clerk of Court* and mail it with your complaint to the address listed on the reverse side of these instructions. The Clerk's Office will also accept credit cards (Mastercard/Visa, Discover, American Express) for filing fees and miscellaneous fees. Credit card payments may be made at all payment windows where receipts are issued.

**Request to pay filing fee in monthly installments**

If you do not have the money to pay the full filing fee, you must complete the Request to Proceed Without Prepayment of Filing Fees with Declaration in Support. The Declaration must be returned to the Court with your complaint. **NOTE: You must have a prison or jail official complete the Certification Section on the Declaration and attach to the Declaration a certified copy of your prison or jail trust account statement for the six months immediately preceding the filing of the complaint. If you submit an incomplete Declaration or do not submit a prison or jail trust account statement with the Declaration, your request to proceed without prepayment of the filing fees may be denied.**

**Initial partial filing fee assessment**

If your request to proceed without prepayment of filing fees is granted, the Court will assess an initial partial filing fee at the time your action is filed. The initial partial filing fee will be equal to 20% of the average monthly deposits to your prison or jail account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in your prison or jail account for that same six month period, whichever is greater. The Court will order the agency that has custody of you to take that initial partial filing fee out of your prison or jail account as soon as funds are available and forward the money to the Clerk of Court.

**Collection of balance of filing fee**

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the amount of the filing fee is paid in full, each month you will owe 20% of your preceding month's income toward the balance. The agency that has custody of you will collect that money and send payments to the Clerk of Court any time the amount in your account exceeds $10.00.

## DISMISSAL OF THE COMPLAINT

Regardless of whether some or all of the filing fee has been paid, the Court is required to screen your complaint and to dismiss the complaint if: 1) your allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) your complaint does not state a claim on which relief can be granted; or 4) you sue a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals while you are a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from bringing any other actions in forma pauperis unless you are in imminent danger of serious physical injury.  **NOTE:  You are required under penalties of perjury to provide accurate information regarding previous filings.  Failure to provide this information may result in the immediate dismissal of your complaint.**

## JURISDICTION

To determine whether jurisdiction and venue are proper in this Court:

- **AGAINST FEDERAL DEFENDANTS**, please refer to 28 U.S.C. § 1391(e) and  Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 397 (1971);

- **AGAINST NON-FEDERAL DEFENDANTS**, please refer to 28 U.S.C. § 1391(b) for claims brought pursuant to 42 U.S.C. § 1983.

## SERVICE OF THE COMPLAINT

If your request to proceed without prepayment of the filing fees is approved, the Court will determine whether the United States Marshal should serve the defendant(s) on your behalf.

## INQUIRIES AND COPYING REQUESTS

Because of the large volume of cases filed by prisoners in this Court and limited court resources, the Court and Clerk's Office will not answer inquires concerning the status of your case or provide copies of documents, except at a charge of fifty cents ($0.50) per page.  You must therefore keep copies of all documents submitted to the court for your own records.

## TO MAIL THE COMPLAINT

Mail the original and the two copies of the following completed documents to the address below: complaint and declaration to proceed without prepayment of filing fees (if applicable):

United States District Court
Central District of California
312 North Spring Street, Room G-8
Los Angeles, California  90012

ATTENTION: PRO SE CLERK

Telephone:  (213) 894-7984

FULL NAME
_____

COMMITTED NAME (if different)
_____

FULL ADDRESS INCLUDING NAME OF INSTITUTION
_____
_____

PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF,<br><br>v.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>_____<br>*To be supplied by the Clerk*<br><br>**CIVIL RIGHTS COMPLAINT**<br>**PURSUANT TO** *(Check one)*<br>☐ 42 U.S.C. § 1983<br>☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☐ No

2.  If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:
   Plaintiff _____

   _____

   Defendants _____

   _____

b. Court _____

   _____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f. Issues raised: _____

   _____

   _____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
                                                                    (print plaintiff's name)

who presently resides at _____ ,
                                                    (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

on (date or dates) _____ , _____ , _____ .
                    (Claim I)               (Claim II)           (Claim III)

**NOTE**:     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant _____ resides or works at
              (full name of first defendant)

        _____
        (full address of first defendant)

        _____
        (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____
    _____

2.  Defendant _____ resides or works at
              (full name of first defendant)

        _____
        (full address of first defendant)

        _____
        (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____
    _____

3.  Defendant _____ resides or works at
              (full name of first defendant)

        _____
         (full address of first defendant)

        _____
        (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____
    _____

4.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____


5.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D. CLAIMS\***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*\*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____          _____
             *(Date)*                                      *(Signature of Plaintiff)*