1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. LYONS,<br><br>            Plaintiff,<br><br>     vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 13-1881-MWF (DTB)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

Gregory A. Lyons, a California state prisoner currently incarcerated at Terminal Annex, in Los Angeles, California, purported to file a Petition for Writ of Habeas Corpus by a Person in State Custody herein on March 15, 2013.  However, the petition alleged a "violation of Title VII of the Civil Rights Act of 1964 (Retaliation), [sic] of US Constitution, violation of 28 U.S.C. 1654."   In an attachment, Lyons appeared to allege that he has suffered retaliation for reporting that several jail deputies burned copies of the Quran.  He also claimed that, because he is being held in maximum security, he is being denied education, a low-sodium diet, "medical and dental," and other benefits, and also alleges that he has "suffered beatings from Deputies."  By way of a separate minute order dated April 29, 2013, the Court explained that because the claims challenged the conditions, rather than the duration, of Lyon's confinement, they could not properly be asserted in a habeas

1

1    petition. The Court therefore exercised its discretion to construe the petition as a civil
2    rights complaint under 42 U.S.C. § 1983 ("Complaint").

3        The Complaint named the People of the State of California as the sole
4    defendant.

5        In accordance with 28 U.S.C. § 1915(e)(2), the Court screened the Complaint
6    prior to ordering service for purposes of determining whether the action was frivolous
7    or malicious; or failed to state a claim on which relief might be granted; or sought
8    monetary relief against a defendant who was immune from such relief.  After careful
9    review and consideration of the allegations of the Complaint under the relevant
10   standards, the Court found that its allegations were insufficient to state a claim on
11   which relief might be granted for violation of plaintiff's federal civil rights.
12   Accordingly, on May 1, 2013, the Court issued an Order Dismissing Complaint With
13   Leave to Amend.  Plaintiff was advised that if he still desired to pursue this action,
14   he was ordered to file a First Amended Complaint within 30 days remedying the
15   deficiencies discussed in the dismissal order.

16       On May 31, 2013, plaintiff filed a First Amended Complaint ("FAC") herein.
17   Named as defendants in the FAC in both their individual and official capacities are:
18   21 employees of the Los Angeles Sheriffs Department ("LASD"), including: Deputy
19   Galvin, Deputy Santana, Sgt. Southerland, Deputy Bleau, Deputy Lopez, Sheriff
20   Leroy Baca, Deputy Hill, Deputy Jones, Deputy Lewis, C/A Hinton, Deputy
21   Goodwin, Deputy Jones, C/A Morias, Sgt. Rojas, Deputy Garcia, Deputy J.
22   Villanueva, Lt. T. Westall, Deputy Herra, Deputy Inguez, Deputy Johnson, Sgt.
23   Lewis.  Also named is Los Angeles Police Department Detective Cristina Banks.
24   Named as defendants in the FAC in their individual capacities only are: Michele B.
25   Anderson, who, insofar as the Court can glean, is alleged to be a Los Angeles County
26   Deputy District Attorney (see, e.g., FAC at 14, 16); Keith A. Fink; Dr. David Glasier;
27   and Olaf Muller.
28   / / /

2

As best the Court can glean from the allegations of the FAC, plaintiff essentially raises three categories of misconduct against various defendants: First, petitioner alleges that defendants Banks, Anderson, Fink, Mueller and Glasier caused him to be unlawfully incarcerated by participating in a criminal prosecution of plaintiff, which was factually related to his prior action in CV11-4823-MWF (DTB). (FAC 9-18.) As a result of this prosecution, plaintiff was convicted and sentenced to six years in custody. (FAC at 18.) Second, petitioner alleges that, following his conviction, he commenced serving his sentence in the custody of Los Angeles County. (Id.) While in custody of the Los Angeles County Sheriff, plaintiff alleges that he was subjected to racial discrimination (FAC at 19), and also observed defendant Galvan make comments which were both racially and religiously discriminatory and vile. (Id.) Plaintiff alleges that he reported the misconduct to defendant Southerland and was thereafter subjected to retaliation by the LASD defendants (see, e.g., FAC at 20), including waterboarding (FAC at 25). Finally, plaintiff raises various allegations concerning the conditions of his confinement, including lack of sanitation (FAC at 26), denial of medical and dental care, "special diet," and various privileges (FAC at 24), and also contends that he is being denied his constitutional right of court access (FAC at 28).

In accordance with the terms of the "Prison Litigation Reform Act of 1995" (the "PLRA"), the Court now has screened the FAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The Court's screening of the FAC under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) Lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states
2  a claim on which relief may be granted, allegations of material fact are taken as true
3  and construed in the light most favorable to the plaintiff.  See Love v. United States,
4  915 F.2d 1242, 1245 (9th Cir. 1989).  Moreover, since plaintiff is appearing pro se,
5  the Court must construe the allegations of the Complaint liberally and must afford
6  plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't,
7  839 F.2d 621, 623 (9th Cir. 1988).  However, "the liberal pleading standard ... applies
8  only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9,
9  109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  "[A] liberal interpretation of a civil rights
10 complaint may not supply essential elements of the claim that were not initially pled."
11 Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
12 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982)).

13       Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and
14 complete statement of the claim showing that the pleader is entitled to relief."  As the
15 Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket
16 assertion, of entitlement to relief," and that "a plaintiff's obligation to provide the
17 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and
18 a formulaic recitation of the elements of a cause of action will not do. . . . Factual
19 allegations must be enough to raise a right to relief above the speculative level."  See
20 Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed.
21 2d 929 (2007) (internal citations omitted).  Where the allegations in a complaint "do
22 not permit the court to infer more than the mere possibility of misconduct, the
23 complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to
24 relief'."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937; 173 L. Ed. 2d 868
25 (2009), quoting Fed. R. Civ. P. 8(a)(2).  Thus, plaintiff must allege a minimum factual
26 and legal basis for each claim that is sufficient to give each defendant fair notice of
27 what plaintiff's claims are and the grounds upon which they rest.  See, e.g., Brazil v.
28 United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v.

4

1  Block, 932 F.2d 795, 798 (9th Cir. 1991).  Moreover, failure to comply with Rule 8(a)

2  constitutes an independent basis for dismissal of a complaint that applies even if the

3  claims in a complaint are not found to be wholly without merit.  See McHenry v.

4  Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651

5  F.2d 671, 673 (9th Cir. 1981).

6         After careful review and consideration of the FAC under the foregoing

7  standards, the Court finds that it suffers from the pleading deficiencies discussed

8  below.  Accordingly, the FAC is dismissed with leave to amend.  See Noll v. Carlson,

9  809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be given

10  leave to amend his complaint unless it is absolutely clear that the deficiencies of the

11  complaint cannot be cured by amendment).  If plaintiff still desires to pursue this

12  action, he is ORDERED to file a Second Amended Complaint within thirty (30) days

13  of the date of this Order remedying the deficiencies discussed below.

14

15                          **DISCUSSION**

16  I.    **Plaintiff's allegations are insufficient to state a § 1983 claim for monetary**

17        **damages against any of the named defendants in their official capacities.**

18         The Supreme Court has held that an "official-capacity suit is, in all respects

19  other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473

20  U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt,

21  469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los

22  Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (as amended).  Such a suit "is not a suit

23  against the official personally, for the real party in interest is the entity."  Graham,

24  473 U.S. at 166 (emphasis in original).  For purposes of plaintiff's federal civil rights

25  claims, that entity is the County of Los Angeles ("Los Angeles").

26         A local government entity such as Los Angeles, including a city department,

27  such as the Los Angeles Sheriff's Department, "may not be sued under § 1983 for an

28  injury inflicted solely by its employees or agents.  Instead, it is only when execution

5

of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Thus, Los Angeles may not be held liable for the alleged actions of its employees, including police officers, unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels."  See Monell, 436 U.S. at 690-91; see also Redman v. County of San Diego, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Here, plaintiff has failed to identify any policy statements of Los Angeles or any Los Angeles Sheriff's Department regulations, or officially adopted or promulgated decisions, the execution of which by Los Angeles Sheriff's Department officers or employees allegedly led to the infliction of the injuries about which he is complaining.  Thus, to the extent the FAC names any of the individual defendants in their official capacities, it fails to state a cause of action.  As such, it must be dismissed.

**II.  To the extent that plaintiff's claims against defendant Baca appear to be based on his supervisory roles, plaintiff's allegations are insufficient to state a § 1983 claim against this defendant.**

It appears to the Court from its review of the FAC that plaintiff's claims against defendant Baca are based solely or in part on his supervisory role.

In order to state a claim against a particular defendant for violation of his civil rights under 42 U.S.C. § 1983, plaintiff must allege that the defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the Constitution or

6

1   a federal statute. See Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of

2   a constitutional right, within the meaning of section 1983, if he does an affirmative

3   act, participates in another's affirmative acts, or omits to perform an act which he is

4   legally required to do that causes the deprivation of which [the plaintiff complains].'"

5   Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588

6   F.2d 740, 743 (9th Cir. 1978). The requisite causal connection can be established not

7   only by some kind of direct personal participation in the deprivation, but also by

8   setting in motion a series of acts by others which the actor knows or reasonably

9   should know would cause others to inflict the constitutional injury. See Hydrick v.

10   Hunter, 500 F.3d 978, 988 (9th Cir. 2007). However, there is no respondeat superior

11   or agency liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.

12   Ct.1937; See also Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.

13   1991); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). "Government officials

14   may not be held liable for the unconstitutional conduct of their subordinates under a

15   theory of *respondeat superior*. Iqbal at 678. In limited circumstances, a person can

16   also be subject to § 1983 liability for the acts of others, but a supervisor can only be

17   held liable for the constitutional violations of a subordinate "if the supervisor

18   participated in or directed the violations, or knew of the violations and failed to act

19   to prevent them." See Hydrick, 500 F.3d at 988 (quoting Taylor v. List, 880 F.2d

20   1040, 1045 (9th Cir. 1989)). Plaintiff has failed to allege such in the instant action.

21

22   **III.   Plaintiff's allegations in the FAC are insufficient to state a § 1983 claim**

23        **against defendants Fink and Mueller.**

24        To state a claim against a particular defendant for violation of his civil rights

25   under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, acting under color

26   of state law, deprived plaintiff of a right guaranteed under the Constitution or a

27   federal statute. Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of a

28   constitutional right, within the meaning of section 1983, if he does an affirmative act,

7

1   participates in another's affirmative acts, or omits to perform an act which he is
2   legally required to do that <u>causes</u> the deprivation of which [the plaintiff complains].'"
3   <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988), <u>quoting</u> <u>Johnson v. Duffy</u>, 588
4   F.2d 740, 743 (9th Cir. 1978).

5        Here, plaintiff alleges that Fink and Mueller violated his rights under Title VII
6   of the Civil Rights Act of 1964 (retaliation).  (FAC at 9.)  Specifically, plaintiff
7   alleges that defendants Fink and Mueller filed restraining orders against him
8   demanding that he dismiss his appeals.  (FAC at 12.)  Further, plaintiff alleges that
9   defendant Mueller served him with a contempt motion.  (<u>Id.</u>)  Plaintiff's claims are
10  untenable because neither Fink nor Mueller are subject to liability under 42 U.S.C.
11  § 1983, as they are not state actors.  "The ultimate issue in determining whether a
12  person is subject to suit under § 1983 is the same question posed in cases arising
13  under the Fourteenth Amendment: Is the alleged infringement of federal rights fairly
14  attributable to the [government]?"  <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838, 102
15  S. Ct. 2764, 73 L. Ed. 2d 418 (1982); <u>see</u> <u>also</u> <u>Huffman v. County of Los Angeles</u>,
16  147 F.3d 1054, 1057 (9th Cir. 1998) (holding that a defendant must have acted "under
17  color of law" to be held liable under § 1983).  Section 1983 "excludes from its reach
18  merely private conduct, no matter how discriminatory or wrong."  <u>American Mfrs.</u>
19  <u>Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)
20  (citations and internal quotations omitted).  In determining whether a private entity
21  is a "state actor," the Ninth Circuit has applied a number of different criteria or tests:
22  (1) Public function; (2) joint action; (3) governmental compulsion or coercion; and
23  (4) governmental nexus.  <u>See</u> <u>Pollard v. The Geo Group, Inc.</u>, 607 F.3d 583, 589-90
24  (9th Cir. 2010); <u>Kirtley v. Rainey</u>, 326 F.3d 1088, 1092 (9th Cir. 2003); <u>Sutton v.</u>
25  <u>Providence St. Joseph Med. Ctr.</u>, 192 F.3d 826, 835-36 (9th Cir. 1999); <u>George v.</u>
26  <u>Pacific-CSC Work Furlough</u>, 91 F.3d 1227, 1230 (9th Cir. 1996) (citing <u>Lugar v.</u>
27  <u>Edmondson Oil Co.</u>, 457 U.S. 922, 939, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982).)
28  Satisfaction of any one of these tests is sufficient to find state action.  <u>See</u> <u>Kirtley</u>, 326

1   F.3d at 1092; <u>Lee v. Katz</u>, 276 F.3d 550, 554 (9th Cir. 2002); <u>Arena Corp. v. Lee</u>, 536

2   U.S. 905 (2002). Plaintiff here has failed to satisfy any of these tests with respect to

3   Fink and/or Mueller.

4        Under the public function test, "when private individuals or groups are

5   endowed by the State with powers or functions governmental in nature, they become

6   agencies or instrumentalities of the State and subject to its constitutional limitations."

7   <u>Evans v. Newton</u>, 382 U.S. 296, 299, 86 S. Ct. 486, 15 L. Ed. 2d 373 (1966). The

8   "function" at issue must be both traditionally and exclusively governmental. <u>See</u>

9   <u>Rendell-Baker</u>, 457 U.S. at 842 (citing <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S.

10  345, 353, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974). A private entity may be a state

11  actor for some purposes and not a state actor for others. <u>See</u> <u>George</u>, 91 F.3d at 1230.

12  Here, there are no allegations that Fink and/or Mueller were "endowed by the State

13  with powers or functions governmental in nature[,]" <u>Evans</u>, 382 U.S. at 299; <u>see</u> <u>also</u>

14  <u>Pollard</u>, 607 F.3d at 590. Fink and Muller are licensed attorneys practicing law in the

15  State of California. Practicing law is not a traditional public function. Thus, plaintiff

16  has not satisfied the public function test. Under the joint action test, "[p]rivate

17  persons, jointly engaged with state officials in the prohibited action, are acting 'under

18  color' of law for purposes of the statute." <u>Lugar</u>, 457 U.S. at 941 (quoting <u>United</u>

19  <u>States v. Price</u>, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966). The

20  question is whether "the state has so far insinuated itself into a position of

21  interdependence with the private entity that it must be recognized as a joint

22  participant in the challenged activity." <u>Kirtley</u>, 326 F.3d at 1093 (internal citations,

23  brackets, and quotation marks omitted). Again, there are no allegations that Fink's

24  and/or Muller's actions constitute any part of a "joint action" with the state. Thus,

25  plaintiff has not satisfied the joint action test. The government compulsion or

26  coercion test considers whether "the coercive influence or 'significant

27  encouragement' of the state effectively converts a private action into a government

28  action." <u>Id.</u> at 1094 (citing <u>Sutton</u>, 192 F.3d at 836-37). "[A] private entity acts as

9

the state when some state law or custom requires a certain course of action." <u>George</u>, 91 F.3d at 1232 (citing <u>Gorenc v. Salt River Project Agricultural Improvement & Power Dist.</u>, 869 F.2d 503, 508 (9th Cir. 1989). Again, plaintiff has not alleged facts which would support a finding of government action under the government compulsion or coercion test for the same reasons discussed above: Plaintiff's allegations cannot be construed as a contention that Fink's and/or Mueller's actions were performed at the encouragement of the state, or pursuant to state law or custom. Finally, under the nexus approach, "an ostensibly private organization or individual's action may be treated as the government's action 'if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" <u>Single Moms, Inc. v. Montana Power Co.</u>, 331 F.3d 743, 747 (9th Cir. 2003) (quoting <u>Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n</u>, 531 U.S. 288, 121 S. Ct. 924, 295 L. Ed 2d 807 (2000); <u>see</u> <u>also</u> <u>Gorenc</u>, 869 F.3d at 506. Again, plaintiff has failed to allege that Fink's and/or Mueller's actions were the result of such a close nexus to the state that its behavior could be treated as that of the state. Simply because Fink and Muller are alleged to have filed a restraining order against plaintiff does not make them state actors for purposes of § 1983 liability.

    As such, the claims asserted in the Complaint against Fink and Mueller fail to state a cognizable cause of action under 42 U.S.C. § 1983, as their actions, as alleged, cannot be fairly attributed to the government. (<u>See</u> <u>also</u> <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982).

**IV.   Defendants Anderson is immune from suit pursuant to the doctrine of prosecutorial immunity.**

    The law is well established that prosecutors are entitled to absolute immunity from federal civil rights claims. <u>See</u>, <u>e.g.</u>, <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); <u>Sykes v. State of Cal. (Dept. of Motor Vehicles)</u>,

497 F.2d 197, 200 (9th Cir. 1974).  This immunity applies even if it "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty."  See id.  Moreover, the immunity extends to all "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."  See Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993).  Thus, for example, in Imbler, the Supreme Court held that prosecutors were immune from claims that they had knowingly used false testimony at trial, had deliberately suppressed exculpatory evidence, and had prosecuted the defendant with knowledge that he had been "cleared" by a lie detector test.  See Imbler, 424 U.S. at 416; see also, e.g., Burns v. Reed, 500 U.S. 478, 492, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (holding that the prosecutor's conduct in appearing in court in support of an application for a search warrant and in presenting evidence at that hearing was protected by absolute immunity); Radcliffe v. Rainbow Const. Co., 254 F.3d 772, 781-82 (9th Cir. 2001) (holding that prosecutor's conduct in sending plaintiff a letter informing him that he had been charged with trespass and directing him to present himself at the police station for arrest and booking under the threat of a bench warrant was protected by absolute immunity).  The Supreme Court also has held that prosecutors are immune even from "administrative" failures if they are directly connected with the conduct of a trial, including supervision and training on impeachment-related information and the creation of information management systems relating to such evidence.  See Van de Kamp v. Goldstein, – U.S. –, 129 S. Ct. 855, 172 L. Ed 2d 706 (2009).  Even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony, and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984).  Nor does it make any

/ / /

/ / /

difference if the plaintiff is alleging that the prosecutors were engaged in a conspiracy to violate his civil rights.  See Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) (as amended).

Here, the FAC alleges that defendant Anderson, apparently as Deputy Los Angeles County District Attorney, violated plaintiff's civil rights through her prosecution of plaintiff in his underlying criminal proceeding. (See FAC at 14-18, 22-24.)  As such allegations are based on the conduct of defendant Anderson within the scope of her prosecutorial duties, she is immune from liability arising out of such allegations.

If plaintiff chooses to file a Second Amended Complaint, it should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the Complaint, the FAC, or any other pleading, attachment, or document.  The Clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: August 9, 2013

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

12

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### INSTRUCTIONS FOR FILING A CIVIL RIGHTS COMPLAINT BY A PRISONER -
### GENERAL INSTRUCTIONS

This package includes the following documents:

        4 copies - complaint form
        4 copies - declaration to proceed without prepayment of filing fees

In order for your complaint to be filed, you must submit the original and two copies of **both** the complaint and declaration to the Clerk. The remaining copy of each is for you to keep for your records. Your complaint must be typewritten or legibly handwritten in ink. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you must use the reverse side of the form or an additional blank page. You must file a separate complaint for each claim unless they are all related to the same incident or issue. You are required to allege facts; not legal arguments or authorities.

## FILING FEES

**Payment of filing fee required**

In accordance with 1996 amendments to the in forma pauperis statute, 28 U.S.C. § 1915, as a prisoner you will be obligated to pay the full filing fee of $350 for a civil action regardless of your forma pauperis status and the disposition of the case. If you have the money to pay the filing fee, you should submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major America bank or the United States Postal Service, payable to the *Clerk of Court* and mail it with your complaint to the address listed on the reverse side of these instructions. The Clerk's Office will also accept credit cards (Mastercard/Visa, Discover, American Express) for filing fees and miscellaneous fees. Credit card payments may be made at all payment windows where receipts are issued.

**Request to pay filing fee in monthly installments**

If you do not have the money to pay the full filing fee, you must complete the Request to Proceed Without Prepayment of Filing Fees with Declaration in Support. The Declaration must be returned to the Court with your complaint. **NOTE: You must have a prison or jail official complete the Certification Section on the Declaration and attach to the Declaration a certified copy of your prison or jail trust account statement for the six months immediately preceding the filing of the complaint. If you submit an incomplete Declaration or do not submit a prison or jail trust account statement with the Declaration, your request to proceed without prepayment of the filing fees may be denied.**

**Initial partial filing fee assessment**

If your request to proceed without prepayment of filing fees is granted, the Court will assess an initial partial filing fee at the time your action is filed. The initial partial filing fee will be equal to 20% of the average monthly deposits to your prison or jail account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in your prison or jail account for that same six month period, whichever is greater. The Court will order the agency that has custody of you to take that initial partial filing fee out of your prison or jail account as soon as funds are available and forward the money to the Clerk of Court.

**Collection of balance of filing fee**

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the amount of the filing fee is paid in full, each month you will owe 20% of your preceding month's income toward the balance. The agency that has custody of you will collect that money and send payments to the Clerk of Court any time the amount in your account exceeds $10.00.

## DISMISSAL OF THE COMPLAINT

Regardless of whether some or all of the filing fee has been paid, the Court is required to screen your complaint and to dismiss the complaint if: 1) your allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) your complaint does not state a claim on which relief can be granted; or 4) you sue a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals while you are a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from bringing any other actions in forma pauperis unless you are in imminent danger of serious physical injury. **NOTE: You are required under penalties of perjury to provide accurate information regarding previous filings. Failure to provide this information may result in the immediate dismissal of your complaint.**

## JURISDICTION

To determine whether jurisdiction and venue are proper in this Court:

- **AGAINST FEDERAL DEFENDANTS**, please refer to 28 U.S.C. § 1391(e) and  Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 397 (1971);

- **AGAINST NON-FEDERAL DEFENDANTS**, please refer to 28 U.S.C. § 1391(b) for claims brought pursuant to 42 U.S.C. § 1983.

## SERVICE OF THE COMPLAINT

If your request to proceed without prepayment of the filing fees is approved, the Court will determine whether the United States Marshal should serve the defendant(s) on your behalf.

## INQUIRIES AND COPYING REQUESTS

Because of the large volume of cases filed by prisoners in this Court and limited court resources, the Court and Clerk's Office will not answer inquires concerning the status of your case or provide copies of documents, except at a charge of fifty cents ($0.50) per page.  You must therefore keep copies of all documents submitted to the court for your own records.

## TO MAIL THE COMPLAINT

Mail the original and the two copies of the following completed documents to the address below: complaint and declaration to proceed without prepayment of filing fees (if applicable):

United States District Court
Central District of California
312 North Spring Street, Room G-8
Los Angeles, California  90012

ATTENTION: PRO SE CLERK

Telephone:  (213) 894-7984

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| PLAINTIFF, | _____ |
| | *To be supplied by the Clerk* |
| v. | **CIVIL RIGHTS COMPLAINT** |
| | **PURSUANT TO** *(Check one)* |
| DEFENDANT(S). | ☐ 42 U.S.C. § 1983 |
| | ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.   PREVIOUS LAWSUITS

1.   Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☐ No

2.   If your answer to "1." is yes, how many? _____

Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Parties to this previous lawsuit:

Plaintiff _____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

   _____

3. Is the grievance procedure completed?  ☐ Yes    ☐ No

   If your answer is no, explain why not _____

   _____

4. Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____

(print plaintiff's name)

who presently resides at _____ ,

(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____

(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
(Claim I)            (Claim II)            (Claim III)

**NOTE**:    You need not name more than one defendant or allege more than one claim. If you are naming more than
five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

2.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

3.   Defendant _____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

4.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual     ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual     ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**D.  CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____        _____
          *(Date)*                                  *(Signature of Plaintiff)*