1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY A. LYONS, | ) | Case No. CV 13-1881-MWF (DTB) |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING SECOND |
| vs. | ) | AMENDED COMPLAINT WITH |
| | ) | LEAVE TO AMEND |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | |
| | ) | |
| Defendant. | ) | |

Gregory A. Lyons, a California state prisoner currently incarcerated at Terminal Annex, in Los Angeles, California, purported to file a Petition for Writ of Habeas Corpus by a Person in State Custody herein on March 15, 2013.  However, the petition alleged a "violation of Title VII of the Civil Rights Act of 1964 (Retaliation), [sic] of US Constitution, violation of 28 U.S.C. 1654."   In an attachment, Lyons appeared to allege that he has suffered retaliation for reporting that several jail deputies burned copies of the Quran.  He also claimed that, because he is being held in maximum security, he is being denied education, a low-sodium diet, "medical and dental," and other benefits, and also alleges that he has "suffered beatings from Deputies."  By way of a separate minute order dated April 29, 2013, the Court explained that because the claims challenged the conditions, rather than the duration, of Lyon's confinement, they could not properly be asserted in a habeas

1

1   petition.  The Court therefore exercised its discretion to construe the petition as a civil
2   rights complaint under 42 U.S.C. § 1983 ("Complaint").

3        The Complaint named the People of the State of California as the sole
4   defendant.

5        In accordance with 28 U.S.C. § 1915(e)(2), the Court screened the Complaint
6   prior to ordering service for purposes of determining whether the action was frivolous
7   or malicious; or failed to state a claim on which relief might be granted; or sought
8   monetary relief against a defendant who was immune from such relief.  After careful
9   review and consideration of the allegations of the Complaint under the relevant
10  standards, the Court found that its allegations were insufficient to state a claim on
11  which relief might be granted for violation of plaintiff's federal civil rights.
12  Accordingly, on May 1, 2013, the Court issued an Order Dismissing Complaint With
13  Leave to Amend.  Plaintiff was advised that if he still desired to pursue this action,
14  he was ordered to file a First Amended Complaint within 30 days remedying the
15  deficiencies discussed in the dismissal order.

16       On May 31, 2013, plaintiff filed a First Amended Complaint ("FAC") herein.
17  Named as defendants in the FAC in both their individual and official capacities were:
18  21 employees of the Los Angeles Sheriffs Department ("LASD"), including: Deputy
19  Galvin, Deputy Santana, Sgt. Southerland, Deputy Bleau, Deputy Lopez, Sheriff
20  Leroy Baca, Deputy Hill, Deputy Jones, Deputy Lewis, C/A Hinton, Deputy
21  Goodwin, Deputy Jones, C/A Morias, Sgt. Rojas, Deputy Garcia, Deputy J.
22  Villanueva, Lt. T. Westall, Deputy Herra, Deputy Inguez, Deputy Johnson, Sgt.
23  Lewis.  Also named is Los Angeles Police Department Detective Cristina Banks.
24  Named as defendants in the FAC in their individual capacities only are: Michele B.
25  Anderson, who, insofar as the Court can glean, is alleged to be a Los Angeles County
26  Deputy District Attorney (see, e.g., FAC at 14, 16); Keith A. Fink; Dr. David Glasier;
27  and Olaf Muller.
28  / / /

2

Again, in accordance with 28 U.S.C. § 1915(e)(2), the Court screened the FAC prior to ordering service for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief might be granted; or sought monetary relief against a defendant who was immune from such relief.  After careful review and consideration of the allegations of the FAC under the relevant standards, the Court found that its allegations were insufficient to state a claim on which relief might be granted for violation of plaintiff's federal civil rights.  Accordingly, on August 9, 2013, the Court issued an Order Dismissing First Amended Complaint With Leave to Amend.  Plaintiff was advised that if he still desired to pursue this action, he was ordered to file a Second Amended Complaint within 30 days remedying the deficiencies discussed in the dismissal order.

On September 9, 2013, plaintiff filed a Second Amended Complaint ("SAC") herein.  The SAC is comprised of several pages of the Central District of California's form civil rights complaint and various handwritten and typed pages.  The Court has renumbered the SAC for ease of reference.  Named as defendants in the SAC (on the caption) are: The County of Los Angeles; 23 employees of the LASD, including: Deputy Galvin, Deputy Santana, Sgt. Southerland, Deputy Bleau, Deputy Lopez, Sheriff Leroy Baca, Deputy Hill, Deputy Jones, Deputy Lewis, C/A Hinton, Deputy Goodwin, Deputy Williams, C/A Morias, Sgt. Rojas, Deputy Garcia, Deputy J. Villanueva, Lt. T. Westall, Deputy Herra, Deputy Inguez, Deputy Johnson, Sgt. Lewis, Sgt. J. Monarrez, and Det. Cristina Banks.  Also named in the SAC are the Los Angeles Deputy City Attorney Michele B. Anderson, Keith Allen, Olaf J. Muller, and Dr. David Glasier.[1]

/ / /

---

[1]    The Court notes that plaintiff did not list each defendant on the SAC, as required.  (See SAC ¶¶ 3-4.)   Rather, plaintiff stated "SEE ATTACHED STATEMENT."

3

1   As best the Court can glean from the allegations of the SAC, plaintiff's

2   allegations appear to be the same as those raised in the previous complaints.

3   Once again, in accordance with 28 U.S.C. § 1915(e)(2), the Court now has

4   screened the SAC prior to ordering service for purposes of determining whether the

5   action is frivolous or malicious; or fails to state a claim on which relief may be

6   granted; or seeks monetary relief against a defendant who is immune from such relief.

7   See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

8   The Court's screening of the SAC under the foregoing statutes is governed by

9   the following standards.  A complaint may be dismissed as a matter of law for failure

10  to state a claim for two reasons:  (1) Lack of a cognizable legal theory; or (2)

11  insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica Police

12  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states

13  a claim on which relief may be granted, allegations of material fact are taken as true

14  and construed in the light most favorable to the plaintiff.  See Love v. United States,

15  915 F.2d 1242, 1245 (9th Cir. 1989).  Moreover, since plaintiff is appearing pro se,

16  the Court must construe the allegations of the Complaint liberally and must afford

17  plaintiff the benefit of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't,

18  839 F.2d 621, 623 (9th Cir. 1988).  However, "the liberal pleading standard ... applies

19  only to a plaintiff's factual allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9,

20  109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  "[A] liberal interpretation of a civil rights

21  complaint may not supply essential elements of the claim that were not initially pled."

22  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

23  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982)).

24  Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and

25  complete statement of the claim showing that the pleader is entitled to relief."  As the

26  Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket

27  assertion, of entitlement to relief," and that "a plaintiff's obligation to provide the

28  'grounds' of his 'entitlement to relief requires more than labels and conclusions, and

4

1  a formulaic recitation of the elements of a cause of action will not do. . . . Factual
2  allegations must be enough to raise a right to relief above the speculative level." <u>See</u>
3  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed.
4  2d 929 (2007) (internal citations omitted).  Where the allegations in a complaint "do
5  not permit the court to infer more than the mere possibility of misconduct, the
6  complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to
7  relief'." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937; 173 L. Ed. 2d 868
8  (2009), quoting Fed. R. Civ. P. 8(a)(2).  Thus, plaintiff must allege a minimum factual
9  and legal basis for each claim that is sufficient to give each defendant fair notice of
10  what plaintiff's claims are and the grounds upon which they rest.  <u>See</u>, <u>e.g.</u>, <u>Brazil v.</u>
11  <u>United States Dep't of the Navy</u>, 66 F.3d 193, 199 (9th Cir. 1995); <u>McKeever v.</u>
12  <u>Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).  Moreover, failure to comply with Rule 8(a)
13  constitutes an independent basis for dismissal of a complaint that applies even if the
14  claims in a complaint are not found to be wholly without merit.  <u>See</u> <u>McHenry v.</u>
15  <u>Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996); <u>Nevijel v. Northcoast Life Ins. Co.</u>, 651
16  F.2d 671, 673 (9th Cir. 1981).

17      After careful review and consideration of the SAC under the foregoing
18  standards, the Court finds that it suffers from the pleading deficiencies discussed
19  below.  Accordingly, the SAC is dismissed with leave to amend.  <u>See</u> <u>Noll v. Carlson</u>,
20  809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a <u>pro se</u> litigant must be given
21  leave to amend his complaint unless it is absolutely clear that the deficiencies of the
22  complaint cannot be cured by amendment).  If plaintiff still desires to pursue this
23  action, he is ORDERED to file a Third Amended Complaint within thirty (30) days
24  of the date of this Order remedying the deficiencies discussed below.
25  / / /
26  / / /
27  / / /
28  / / /

**DISCUSSION**

**I.**   **Plaintiff's allegations are insufficient to state a § 1983 claim for monetary damages against any of the named defendants in their official capacities.**

The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); <u>see also</u> <u>Brandon v. Holt</u>, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991) (as amended).  Such a suit "is <u>not</u> a suit against the official personally, for the real party in interest is the entity." <u>Graham</u>, 473 U.S. at 166 (emphasis in original).  For purposes of plaintiff's federal civil rights claims, that entity is the County of Los Angeles ("Los Angeles").

A local government entity such as Los Angeles, including a city department, such as the Los Angeles Sheriff's Department, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>See</u> <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Thus, Los Angeles may not be held liable for the alleged actions of its employees, including police officers, unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." <u>See</u> <u>Monell</u>, 436 U.S. at 690-91; <u>see also</u> <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

Here, plaintiff names all defendants in their official capacity (SAC at 7), yet has failed to identify any policy statements of Los Angeles or any Los Angeles

6

1  Sheriff's Department regulations, or officially adopted or promulgated decisions, the
2  execution of which by Los Angeles Sheriff's Department officers or other employees
3  of Los Angeles allegedly led to the infliction of the injuries about which he is
4  complaining.  Thus, to the extent the SAC names any of the individual defendants in
5  their official capacities, it fails to state a cause of action.  As such, it must be
6  dismissed.

7

8  **II.   Defendant Anderson is immune from suit pursuant to the doctrine of**
9  **prosecutorial immunity.**

10      The law is well established that prosecutors are entitled to absolute immunity
11  from federal civil rights claims.  See, e.g., Imbler v. Pachtman, 424 U.S. 409, 427, 96
12  S. Ct. 984, 47 L. Ed. 2d 128 (1976); Sykes v. State of Cal. (Dept. of Motor Vehicles),
13  497 F.2d 197, 200 (9th Cir. 1974).  This immunity applies even if it "does leave the
14  genuinely wronged defendant without civil redress against a prosecutor whose
15  malicious or dishonest action deprives him of liberty."  See id.  Moreover, the
16  immunity extends to all "acts undertaken by a prosecutor in preparing for the
17  initiation of judicial proceedings or for trial, and which occur in the course of his role
18  as an advocate for the State."  See Buckley v. Fitzsimmons, 509 U.S. 259, 273, 113
19  S. Ct. 2606, 125 L. Ed. 2d 209 (1993).  Thus, for example, in Imbler, the Supreme
20  Court held that prosecutors were immune from claims that they had knowingly used
21  false testimony at trial, had deliberately suppressed exculpatory evidence, and had
22  prosecuted the defendant with knowledge that he had been "cleared" by a lie detector
23  test.  See Imbler, 424 U.S. at 416; see also, e.g., Burns v. Reed, 500 U.S. 478, 492,
24  111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (holding that the prosecutor's conduct in
25  appearing in court in support of an application for a search warrant and in presenting
26  evidence at that hearing was protected by absolute immunity); Radcliffe v. Rainbow
27  Const. Co., 254 F.3d 772, 781-82 (9th Cir. 2001) (holding that prosecutor's conduct
28  in sending plaintiff a letter informing him that he had been charged with trespass and

7

1  directing him to present himself at the police station for arrest and booking under the
2  threat of a bench warrant was protected by absolute immunity).  The Supreme Court
3  also has held that prosecutors are immune even from "administrative" failures if they
4  are directly connected with the conduct of a trial, including supervision and training
5  on impeachment-related information and the creation of information management
6  systems relating to such evidence.  See Van de Kamp v. Goldstein, – U.S. –, 129 S.
7  Ct. 855, 172 L. Ed 2d 706 (2009).  Even charges of malicious prosecution,
8  falsification of evidence, coercion of perjured testimony, and concealment of
9  exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See
10  Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984).  Nor does it make any
11  difference if the plaintiff is alleging that the prosecutors were engaged in a conspiracy
12  to violate his civil rights.  See Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986)
13  (as amended).

14  Here, the SAC alleges that defendant Anderson, apparently as a Deputy Los
15  Angeles County City Attorney (see SAC at 7), violated plaintiff's civil rights through
16  her prosecution of plaintiff in his underlying criminal proceeding. (See SAC at 9-14.)
17  As such allegations are based on the conduct of defendant Anderson within the scope
18  of her prosecutorial duties, she is immune from liability arising out of such
19  allegations.

20

21  **III.    To the extent that plaintiff's claim(s) appear to implicate the validity or**
22  **duration of his confinement, they cannot be maintained in a 1983 action.**
23  Here, it appears to the Court that plaintiff is alleging, *inter alia*, that he was
24  "falsely imprisoned," "fraudulently convicted," that his conviction was based on
25  perjured testimony, and that he did not commit any crimes.  Consequently, he seeks
26  his immediate release from custody (see Prayer, SAC).  Plaintiff, however, may not
27  raise such claims in a federal civil rights action.  A petition for habeas corpus is a
28  prisoner's sole judicial remedy when attacking "the validity of the fact or length of

8

1   . . . confinement." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L.

2   Ed. 2d 439 (1973); <u>Young v, Kenny</u>, 907 F.2d 874, 875 (9th Cir. 1990).  Accordingly,

3   plaintiff may not use a civil rights action to challenge the validity of his incarceration

4   or seek to overturn any criminal conviction.  Such relief only is available in a habeas

5   corpus action.  <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78, 125 D. Ct. 1242, 161 L. Ed.

6   2d 253 (2005).

7       If plaintiff chooses to file a Third Amended Complaint, it should bear the

8   docket number assigned in this case; be labeled "Third Amended Complaint"; and be

9   complete in and of itself without reference to the Complaint, the FAC, the SAC, or

10  any other pleading, attachment, or document.  The Clerk is directed to send plaintiff

11  a blank Central District civil rights complaint form, which plaintiff is encouraged to

12  utilize.

13      **Plaintiff is admonished that, if he fails to timely file a Third Amended**

14  **Complaint, the Court will recommend that this action be dismissed with**

15  **prejudice on the grounds set forth above and for failure to diligently prosecute.**

16      Because this will be plaintiff's second opportunity to amend his complaint to

17  rectify pleading deficiencies, the Court advises plaintiff that it generally will not be

18  well disposed toward another dismissal which is without prejudice and with leave to

19  amend if plaintiff files a Third Amended Complaint which still does not state an

20  Eighth Amendment claim on which relief could be granted.  "[A] district court's

21  discretion over amendments is especially broad 'where the court has already given

22  a plaintiff one or more opportunities to amend his complaint.'"  <u>Ismail v. County of</u>

23  <u>Orange</u>, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (Valerie Baker Fairbank, J.)

24  (quoting <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 186 n.3 (9th Cir. 1987)

25  (quoting <u>Mir v. Fosburg</u>, 646 F.2d 342, 347 (9th Cir. 1980)));  <u>see</u> <u>also</u> <u>Ferdik v.</u>

26  <u>Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992).  <u>See</u>, <u>e.g.</u>, <u>Kaplan v. Rose</u>, 49 F.3d

27  1363, 1370 (9th Cir. 1994) ("Kaplan has already amended the complaint twice . . . .")

28  (citing <u>DCD Programs</u>); <u>Zavala v. Bartnik</u>, 348 F. App'x 211, 213 (9th Cir. 2009)

9

(Kleinfeld, M. Smith, Ikuta) ("Dismissal with prejudice was proper because Zavala was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so."); <u>Smith v. Solis</u>, 331 F. App'x 482, 482-83 (9th Cir. 2009) (Harry Pregerson, Canby, Berzon) ("The district court properly dismissed the action with prejudice because Smith's second amended complaint did not state a claim for deliberate indifference and Smith failed to correct the defects."); <u>Arlow v. Calif. Dep't of Corrs.</u>, 168 F. App'x 249, 250 (9th Cir. 2006) ("Because the district court had already allowed Arlow an opportunity to cure the deficiencies in his original complaint and had provided specific instructions on appropriate pleading [of an Eighth Amendment claim], we cannot say that the district court abused its discretion by dismissing [*pro se* former prisoner] Arlow's amended complaint without granting leave to amend.").

DATED: September 30, 2013

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE