GREGORY A. LYONS

3375784

3300 - A - 26

TERMINAL ANNEX

P.O. BOX 86164

Los Angeles, CALIF 90086

PLAINTIFF PRO-SE

FILED
CLERK, U.S. DISTRICT COURT

NOV - 1 2013

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | THIRD AMENDED COMPLAINT |
|---|---|
| GREGORY A. LYONS | CV13-1881 MWF (DTB) |
| PLAINTIFF | 1. CONSPIRACY TO |
| | VIOLATE PLAINTIFFS |
| VS. | FIRST, FIFTH, EIGHTH |
| COUNTY OF LOS ANGELES, | AND FOURTEENTH |
| LEROY BACA, IN HIS INDIVIDUAL | AMENDMENT RIGHTS |
| CAPACITY, AND AS SHERIFF WITH | 2. VIOLATION OF DUE |
| THE LOS ANGELES COUNTY SHERIFF'S | PROCESS THROUGH |
| DEPARTMENT; DEPUTY GAIVIN, IN | MALICIOUS PROSECUTION |
| HIS INDIVIDUAL CAPACITY, AND AS | 3. BANE ACT |
| A DEPUTY WITH THE LOS ANGELES | 4. MUNICIPAL LIABILITY |
| SHERIFF'S DEPARTMENT, DEPUTY | 5. FAILURE TO TAKE |
| MIKE SANTANA, IN HIS | CORRECTIVE ACTION |
| INDIVIDUAL CAPACITY, AND AS | COMPLAINT FOR DAMAGES |
| A DEPUTY WITH THE LOS ANGELES | DEMAND FOR JURY TRIAL |
| SHERIFF'S DEPARTMENT | |

(1)

SGT. SOUTHERLAND, IN HIS INDIVIDUAL CAPACITY AND AS A DEPUTY WITH THE LOS ANGELES COUNTY SHERIFF DEPARTMENT, DEPUTY BIEAU IN HIS INDIVIDUAL CAPACITY, AND AS A DEPUTY WITH THE LOS ANGELES SHERIFF DEPARTMENT, DEPUTY LOPEZ, IN HIS INDIVIDUAL CAPACITY AND AS A DEPUTY WITH THE LOS ANGELES SHERIFF DEPARTMENT, DEPUTY HILLS, IN HIS INDIVIDUAL CAPACITY, AND AS A DEPUTY WITH THE LOS ANGELES SHERIFF DEPARTMENT, DEPUTY JONES, IN HIS INDIVIDUAL CAPACITY, AND AS A DEPUTY WITH THE LOS ANGELES SHERIFF DEPARTMENT C/A HINTON, IN HIS INDIVIDUAL CAPACITY, AND AS A CUSTODY ASISSTANT, WITH THE LOS ANGELES SHERIFF DEPARTMENT, DEPUTY GOODWIN, IN HIS INDIVIDUAL CAPACITY, AND AS A DEPUTY FOR THE LOS ANGELES SHERIFF DEPARTMENT, DEPUTY WILLIAMS, IN HIS INDIVIDUAL CAPACITY, AND AS A DEPUTY FOR THE LOS ANGELES SHERIFF DEPARTMENT, C/A MORLIAS, IN HER INDIVIDUAL CAPACITY, AND AS A CUSTODY ASSISTANT, FOR THE LOS ANGELES SHERIFF DEPARTMENT, SGT ROJAS IN HIS INDIVIDUAL CAPACITY, AND AS A SGT FOR THE LOS ANGELES SHERIFF DEPARTMENT, DEPUTY GARCIA, IN HIS INDIVIDUAL CAPACITY, AND AS A DEPUTY FOR THE LOS ANGELES SHERIFF DEPARTMENT DEPUTY J. VILLANUEVA, IN HIS INDIVIDUAL CAPACITY AND AS A DEPUTY FOR THE LOS ANGELES

(2)

LT. T. WESTALL, IN HIS INDIVIDUAL CAPACITY AND AS A LIEUTENANT, WITH THE LOS ANGELES SHERIFF DEPARTMENT, DEPUTY HERRA IN HIS INDIVIDUAL CAPACITY, AND AS A DEPUTY WITH THE LOS ANGELES SHERIFF DEPARTMENT, DEPUTY INGUEZ, IN HIS INDIVIDUAL CAPACITY, AND AS A DEPUTY WITH THE LOS ANGELES SHERIFF DEPARTMENT, DEPUTY JOHNSON, IN HIS INDIVIDUAL CAPACITY, AND AS A DEPUTY WITH THE LOS ANGELES SHERIFF DEPARTMENT, SGT LEWIS, IN HIS INDIVIDUAL CAPACITY, AND AS A SARGENT WITH THE LOS ANGELES SHERIFF DEPARTMENT, SGT J. MONATTEZ, IN HIS INDIVIDUAL CAPACITY, AND AS A SARGENT WITH THE LOS ANGELES SHERIFF DEPARTMENT, CRISTINA BANKS, IN HER INDIVIDUAL CAPACITY, AND AS A DETECTIVE FOR THE LOS ANGELES POLICE DEPARTMENT, RANDY TAYLOR, IN HIS INDIVIDUAL CAPACITY, AND AS A RISK MANAGER, FOR HEALTH-SMART DBA PACIFIC HOSPITAL OF LONG BEACH, KEITH ALLEN FINK, IN HIS INDIVIDUAL CAPACITY, AND AS AN ATTORNEY FOR FINK & STEINBERG, OLRE J. MULLER, IN HIS INDIVIDUAL CAPACITY, AND AS AN ATTORNEY FOR FINK & STEINBERG, AND DR. DAVID GLASTER IN HIS INDIVIDUAL CAPACITY, AND DOES 1-10, INCLUSIVE

DEFENDANTS.-

(3)

COME NOW GREGORY A. LYONS (CLYONS)
(collectively referred to As "PLAINTIFF") who
demands a Jury trial, and seeks monetary
compensation against DEFendants, as
Follows:

## I. VENUE AND JURISDICTION

1. Competent Subject Matter Jurisdiction
and Venue exist, In whole or in Part,
Pursuant to the Following Federal statutes:

    A. 42 U.S.C. 1983

    B. 42 U.S.C. 1985 (2)

    C. 42 U.S.C. 1985 (3)

    D. Federal Civil Rights Jurisdiction
    28 U.S.C. 1343 (1)-(5)

    E. Federal Question Jurisdiction
    28 U.S.C. 1331

    F. Federal Supplemental Jurisdiction
    28 U.S.C. 1367(b) and

    G. Federal General Venue 28 U.S.C.
    1391(b)

(2) Plaintiff allege that Compliance with
California Government Code 900, Et seq is
Preempted by invocation of Federal Question
Jurisdiction 28 U.S.C. 1331, and application
of Williams V. Horvath 16 CAL 3rd 834, and
County of Los Angeles VS Superior Court

(4)

78. CAL APP 4th 212 (2000) PLAINTIFF has alleged claims for relief arising under the First, Fifth, Eighth, and Fourteeth Amendments to Constitution and laws of the United States of America.

3. VENUE is PROPER IN the United states District Court for the Central District of California pursuant to 28 U.S.C. 1391

## II. PARTIES

1. PLAINTIFF (LYONS) is a inmate in the custody of the Los Angeles Sheriff, who was previously housed in the following locations of the mens Central Jail, Dorm 5900, 5800, 5600, 3300 (A) (B) Row, 3400 (A) (C) Row, 9300, 9400, 3200, And in the following locations WAYSide, WAYSide Supermax, And the Twin Towers Jail, Plaintiff has been subjected to deputy violence and threats of violence and have witnessed deputies violently abusing other inmates, Plaintiff is at a Continuing risk of being subjected to deputy violence as a result of Defendants acts and omissions.

2. Defendant LEROY BACA has been the Sheriff of Los Angeles County Since 1998. As Sheriff

he is the chief executive officer of the Los Angeles Sheriff Department. By California law, the Sheriff is answerable for the safekeeping of the inmates in his custody. CALIF GOVT CODE 26605, 26610; CALIF PENAL CODE 4004 Sheriff BACA is responsible for the Management and control of all Los Angeles County Jails, and for all matters relating to the Selection, Supervision, Promotion, training, and discipline of the uniformed staff, including the supervisory security staff, of the county Jails. He is also responsible for the care, custody, and control of all inmates housed in the Department's Jails, Sheriff BACA is regularly provided with reports of applications of force, allegations of unreported and excessive use of force, and other breaches of security in the county Jail.

3. At all times relevant herein, defendants Deputy GALVIN, Deputy Mike SANTANA, SGT Southerland, Deputy BLEAU, Deputy LOPEZ, Deputy Hills, Deputy Jones, C/A Hinton, Deputy Goodwin, Deputy Williams, C/A Morivas, SGT ROJAS, Deputy GARCIA, Deputy J. Villanueva, LT T. Westall, Deputy Herra, Deputy INGVEZ, Deputy Johnson, SGT Lewis, and SGT Monarrez

(4)

were residents of the County of Los Angeles, and were sheriff's, deputies, lieutenants, and or civilian employees, agents and representatives of the Los Angeles County Sheriff's Department, a department and subdivison of defendant County of Los Angeles

At all times relevant herein, said Defendants (Each Named Deputy) and CIA Named In this Complaint were acting under color of statutes, ordinances, regulations, policies, customs, practices, and usage of defendant County of Los Angeles, Its sheriff's Department, And or state of California

Plaintiff further alleges, That each named Deputy, Sargent, And Lieutenant named in this Complaint acted at all times herein under the auspices, direction, command, Instruction, and/ or control of the Los Angeles County Sheriff's Department, and SHERIFF Leroy BACA,

4) DEFENDANT Keith Allen FINK, Is a California Licensed Attorney; who is An officer of the Court both State/Federal. DEFENDANT (FINK) is also required to follow the proffessional Rules of Conduct of the State BAR of CALIFORNIA., At All times during the performace of his duties as a licensed California Attorney./ and or OFFICER of The Court DEFENDANT Keith FINK is required by law,

(7)

Not to engage in criminal misconduct, while in the performance of his duties, as a California licensed Attorney, And is a resident of L.A County.

(5) Defendant OLAF J. MULLER, is a California licensed Attorney, who is an officer of the court both State/Federal. Defendant (MULLER) is also required to follow the Proffessional Rules of conduct of the State Bar of California, at all times, during the performance of his duties as a licensed California Attorney / and or officer of the court, Defendant OLAF J. Muller is Required by law not to engage in criminal misconduct, while in the performance of his duties, as a California licensed Attorney, And is a resident of LA county.

(6) Defendant RANDY Taylor - is the Risk Manager for Health-Smart DBA Pacific Hospital of Long Beach. Defendant (TAylor) was in the Performance of his duties, as a Risk Manager for Health-Smart DBA Pacific Hospital of Long Beach during each act alleged in this complaint. Defendant (Taylor) had full knowledge of the criminal misconduct of Defendant's Fink & Muller, And Hired, retained, and instructed both Defendants FINK & Muller to engage in criminal misconduct against Plaintiff (Lyons)

(8)

(7) DeFendant CRISTINA BANKS, is a resident OF the County OF Los Angeles, And who is a sworn Los Angeles police Detective, who at all times relevant hereto, said defendant (CBANKS) was acting within the Course and scope oF her employment, as detective OF The Los Angeles Police Department, VAN NUYS Division.

(8) DR DAVID GLASTER, Is a resident OF the County OF Los Angeles, And who is a CALifornia Licensed doctor, who was retained by and paid for by Defendants, Keith Allen FINLC, OLAF J. muller, and RANdy TAYLor, To harass, stalk, threaten, and intimidate, The Plaintiff (LYONS) IN violation OF state and Federal laws. OF both the State OF CALifornia and the United States oF America.

(9.) Plaintiff is ignorant oF the true Names and CApacities OF EAch named Deputies, and CApacities oF deFendants sued herein as Does 1-10, inclusive, and thereFore sues these deFendants by such Fictitious names. Plaintiff will amend this complaint to allege their true Names & CApacities when ascertained, Plaintiff is informed and believes and thereon alleges that each oF the Fictitiously Named DeFendants

(9)

Is responsible in some manner for the
occurrence herein alleged, and that Plaintiff's
injuries as herein alleged were proximately
caused by the acts and/or omissions of said
defendants and said fictitiously named
defendants

10. Plaintiff (Lyons) did not receive a blank
central District Civil rights complaint form,
from the Clerk of the Court, and is unable
to utilize such form,

11. Plaintiff (Lyons) alleges that each named
Los Angeles County Sheriff Deputy, is not allowing
and denying Plaintiff (Lyons), the right to be
in Pro-Per in this case, CCV13-1881 MWF(DTB)
and the use of the law library, of the Mens Central
Jail, and any use of Proper legal forms in preparing
this case for court, Plaintiff (Lyons) further
alleges that the Hon David T. Bristow, of
the United States District Court - Central District
Eastern Divison,   had full and complete
knowledge of the "Criminal" acts of Defendants
Fink & Muller, alleged in this complaint,
and turned a blind eye, to each criminal act of
Defendant Fink & Muller directed towards
the Plaintiff (Lyons,) from June, 2011 to Oct 16, 2013
Despite repeated request for help from

(10)

The Plaintiff (Lyons) to the Hon David T. Bristow who ignored every written request of the Plaintiff, and dismissed every complaint of the Plaintiff.

12. The Plaintiff alleges, and as the record (court) shows, that the Plaintiff "only" asked for a hearing before the Hon David T. Bristow and never asked to be immediately released from custody.

## III FACTUAL ALLEGATIONS

13. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if realleged herein.

14. At all relevant times herein (Lyons) was a licensed armed guard, working for RMI Security in Paramont Calif.

(15) On or about Sept 17, 2009, Plaintiff "Lyons" was terminated from Health-Smart DBA Pacific Hospital of Long Beach, and served with three restraining orders from Defendant Randy Taylor, on behalf of Jennifer Patterson, Elidio Chavez, and Michael Tichon

(11)

(16) ON or about Oct 9, 2009, AFter a 2½ hour hearing before the Hon JOSEPh e DiLoreto, The plaintiFF (Lyons) WAS Cleared OF "any" and all attempts OF (3) restraining orders and found Not Guilty of "Any" of the acts in the three petitions For restraining orders Filed by DeFendant RANdy TAylor.

(17) ON or about Oct 10, 2009, DeFendant RANdy TAylor, Contacted the plaintiFF Gregory Lyons, and threaten to RUIN, Jail, and bANk rupt, the Plaintiff (Lyons) iF the Plaintiff filed a wrongful termination law-suit agAinst HeAlth-Smart DBA PACiFic Hospital OF Long BeAch.

(18) ON about NOV 20, 2009, PlAintiFF CAr WAS stolden From him, iN Front OF his house, PlaintiFF (Lyons) reported the theft to the LOS ANgeles Sheriff DepArtment, CArson stAtion.

(19) ON or about Dec 1, 2009, PlaintiFF retained the LAW office OF James Autrey, to File a Wrongful termination against HeAlth-SmArt DBA PAcific Hospital OF Long BeAch.

(20) ON or about Dec 2, 2009 DeFendant RANdy TAylor retained DeFendant keith Allen FINk

And Defendant OLAF J. muller, with instructions
to stalk, threaten, destroy, bankrupt, and
jail the plaintiff Gregory A Lyons.

21) ON OR about Dec 31, 2009 James Autrey Filed
Case No BC429084 Titled Greg A Lyons vs
Health-smart DBA pacific Hospital of Long
Beach, And On Dec 31, 2009 Defendant Keith
Allen Fink and Defendant OLAF J. muller
Contacted the Plaintiff (Lyons) and accused
the plaintiff (Lyons) of driving on to
Health-Smart DBA Pacific Hospital property
in the plaintiffs car., And threaten to jail
the Plaintiff, if the plaintiff came near
Pacific Hospital,

(22) ON or about, Jan 1, 2010 Plaintiff and
the L.A.S.D, contacted Defendant Fink &
mullen, and requested a copy of the security
video, Showing the plaintiff coming on to
or near the Hospital in a stolden car.

(23) Between Feb 1, 2010 through May 30, 2010
Defendant's (Fink) and (mullen), contacted
threaten, harassed, stalked, the plaintiff
(Lyons) at his home, and at his place of
Work, No less then 50 different times,
The Plaintiff (Lyons) responded by asking

(13)

The State Bar of California, To order Defendants
Fink and muller, To stop contacting the
Plaintiff (Lyons) See Exhibit(l)

(24) Between May 31, 2010 through oct 9, 2010
Defendants muller and Fink continue to
Harass, threaten, and Stalk the Plaintiff
(Lyons) at his home and place of Employment.

(25) In Oct of 2010, Plaintiff (Lyons) retained
the Law Office of B. Kwaku Duren, to replace
James Autrey in Case No 13C429084.

(26) On or about Dec 9, 2010, Defendants Fink
and muller, Found out that B. Kwaku Duren
was going to File For bankruptcy, and offered
B. Kwaku Duren $3,000 dollars, to throw Case
No BC429084, On or about Dec 9, 2010. B Kwaku
Duren accepted $3,000 dollars From Defendants
Fink & muller, and Filed For bankruptcy on
Dec 9, 2010.

(27) On or about Dec 20, 2010, B Kwaku Duren
contacted, The Plaintiff, (Lyons) and
requested that (Lyons) pay (Kwaku) $500.00
For a Protective order against Defendants
Fink and muller. Plaintiff Paid the
money to B. Kwaku Duren

(14)

(28) On or about Jan 20, 2011, Defendant Dr David Glasier, instructed Defendants Keith Allen Fink, Olaf J. Muller, and Randy Taylor to try and obtain another restraining order against the plaintiff (Lyons), so that Defendant Glasier, could use the restraining order to take away the plaintiff California Security Guard License.

(29) On or about Jan 21, 2011 Defendants Fink, Taylor, and Muller Filed a Fourth restraining order against the plaintiff G. Lyons, which was denied (RS010200) By the Hon Carol Goodson.

(30) On or about Jan 24, 2011 Defendants (Fink), (Muller,) and Taylor Filed a Fifth restraining order in Long Beach California, which was denied on Feb 8, 2011.

(31) On or about Feb 4, 2011, The plaintiff met with Defendant Dr David Glasier, who stated unless the plaintiff "Lyons" agreed to pay Defendant Fink and Muller Hush money and dismiss the wrongful termination case The plaintiff would lose everything and go to Jail. The plaintiff refused. the settlement offer.

(15)

(32) On or about March 1, 2011, Defendant Taylor, Finic, and Muller, served the Plaintiff with Four more restraining orders, on behalf of Patterson, Muller, Schiller, and Finic.

(33) On or about March 20, 2011 Defendants Taylor, Finic, and Muller, Contacted Plaintiffs Employer RMI and demanded that the Plaintiff be Fired from his Job, because of "all" of the restraining orders, Plaintiff was removed from his Job, and suspended with-out pay, on March 21, 2011., on behalf of Defendant's Finic, Muller, and Taylor.

(34) On or about April 19, 2011, The Hon Chef C. Taylor removed the Plaintiff (Lyons) from his Security Job, For a period of 7 months and refused to allow the Plaintiff to return to "any" work with RMI or "any" employer.

(35.) Between May 1, 2011 through Nov 16, 2011 The Plaintiff, Contacted and made written Complaints against defendants Keith Allen Finic, Olaf J. Muller, Randy Taylor, and Dr David Glasier with the Following agencys. 1. F.B.I. (2) EEOC. (3) Los Angeles Sheriffs Department (4) United states

(16)

Attorneys Office Civil Rights Division,
(5). State Bar of California (6) Los Angeles
Police Department (7) Commission on
Judicial Performance (8), United States
District Court (9) Ninth Circuit Court of
Appeals, (10) Torrance Court House (11) Los
Angeles District Attorneys office.

Each Agency, decline to get involved, and
stated that because the Plaintiff, was of
the white race, and not of a protected status,
the Plaintiff had no rights.

(37) Between May 1, 2011 through Nov 16, 2011
Plaintiff continue to receive threats of
Violence from Defendant's Glasier, Muller,
Fink, and Taylor, along with stalking,
harassing, from Defendant's Muller, Fink,
Taylor, and Glasier, Such as letters urging
the Plaintiff to take action of Violence
against defendant Philb, Patterson, Schiller,
Fink, and Muller. When the Plaintiff reported
these matters, to Law Enforcement, Defendants
Muller, Taylor, Fink, and Glasier, stated
it was the Plaintiff who had mailed the
letters to himself.

(38) On or about Nov 18, 2011, The Hon chet L. Taylor
issued Four restraining orders, against the

(17)

PlAiNTiFF Gregory A LYons, ON NOV 18, 2011
the Plaintiff (Lyons) Filed Four Notices OF appeal.
With the Second District Court OF Appeal, and
ONE with the Nineth Circuit Court OF Appeal.

(39) ON Dec 13, 2011, Defendant OlAF J. muller
SENT ExHibit (3), attached and incorporated
herein. To the PlaintiFF Gregory A. LYons,

(40) ON Dec 30, 2011, IN a hearing before the
Hon JOSEPH E DiLoreto, , , The Judge ruled
IN Favor OF the Plaintiff (Lyons) and stated
that the PlaintiFF was allowed to Communicate
with the Attorney of records, during an
appeals process, EVEN By E-MAil (28 USC)
1654)

(41) ON or about Jan 8, 2012, DeFendant Keith
Rootline, and olaf muller served the plaintiff
(Lyons) with another Contempt motion, IN
Front of Judge TAylor, who issued an O.S.C.
and ordered the PlaintiFF, to appear ON
2/14/12, ONCE AgAiN the O.S.C. was
Discharged and the PlaintiFF prevailed
(SEE US US DiXoN.) (ExHibit 5) Attached
(18)

hereiN,

(42) ON or about APril 22, 2012, The PlaintiFF
was contacted, and ordered to meet with
the Supervisor of Defendant BANKS, CONCERNING
the complaint OF Defendants FiNk and
Muller, The PlaintiFF Complied (SEE ExhS)

(43) ON or about APril 27, 2012 DeFendant
FiNk B Muller Contacted gail Shallow Horn
and demanded that the plaintiFF (LYoNs)
be arrested for Contempt OF Court.

(44) ON or about MAY 5, 2012, DeFendant
CRistiNa BANks appeared before a Los
Angeles Superior Court Judge, iN Full UNiForm
and demanded aN arrest WARRANt AgAiNst
the plaintiFF Gregory A Lyons, with a bail
OF $500,000, bAsed oN 33 EMAils that were
sent to, DeFendants Muller and FiNk betweeN
Dec1, 2011 through Feb14, 2012, By the PlaintiFF
Gregory LyoNs.

(45) ON or about MAY 12, 2012 the PlaintiFF
WAs arrested by the Los Angeles Police

(19)

department, and the Plaintiff was brought before Defendant CRISTINA BANIES, who stated that the plaintiff was being held at the request of Defendants Keith Allen Finle, and Olaf J. muller, concerning 33 E-mails sent between Dec 1, 2011 through Feb 14, 2012.

(46) On or about May 15, 2012, the Plaintiff was remanded to the Los Angeles County Jail, and held on a $500,000 bail.

(47) THERE IS A LONGSTANDING, PERVASIVE, and Notorious Culture pattern And practice OF Deputy violence Against Inmates in the Los Angeles County Jails

(A) Numerous Reports By Independent Observers Have Documented A Long standing Pattern And Practice of Deputy-on-Inmate Violence And recommended Changes in Policies, That Defendant Leroy BACA has not implemented

(48) There is a longstanding pattern and practice in the Los Angeles County Jails,

(20)

and Partrcularly in the Jail Complex in downtown Los Angeles, of deputy-on inmate violence and Deputy-instigated inmate-on inmate abuse. Multiple oversight and monitoring agencies, including the U.S. Department of Justice, the L.A.S.D.'s OIR, the special Counsel to the Los Angeles County Board of Supervisors for oversight of the Sheriff's Department, and the A.C.L.U, have issued reports on the use of excessive Force and other abuses by the L.A.S.D. against the inmates in its custody.

(49) On or about April 23, 2013 Los Angeles Sheriff Deputies michael Rathbun, and James Sexton Filed Case No CV13-02863 JFW (Ex) in the Central District Federal Count  This complaint of plaintiff's Rathbun and Sexton, Combined with the allegations of waterboarding, assult, battery, threating, stalking, intimidating of the plaintiff G. Lyons, by eached named Los Angeles sheriff Deputy / Custody Assistant in This complaint.

(21)

(50) Plaintiff Clearly alleges, That between
June of 2012 through July of 2012 that
Defendant's Bleau, and Cla Hinton attacked,
Struck, Assulted the Plaintiff (Lyons) on
behalf of defendant's Randy Taylor,
Olaf J, muller, and keith Allen Finke, and
That each assult was reported, by way
of Inmate Complaint Form, and through
the Court System. Plaintiff alleges that
the matter was not investigated for a period
of six months,

(52) Plaintiff alleges, that between July 2012
through Sept 2012 Defendant's Deputy Galvin
and Deputy mike Santana, Harassed, threaten,
and intimidated the Plaintiff, by burning
several copies, of the Quarn, and making
racial commets about black inmates,
when the plaintiff (Lyons) Complained
to Defendant Sgt Southerland about the
Incident, Defendant Southerland put a
snitch Jacket on the plaintiff, and caused
plaintiff (Lyons) to be attacked by other
inmates in the Los Angeles Jail facility

(22)

(53) Plaintiff alleges, That the Plaintiff
(Lyons) was found Not Guilty, by two
different Judges in Long Beach California
of violating the Restraining Orders issued
on Nov 18, 2011 by Judge Chet L. Taylor, and
that Defendant's Keith Allen Fink, Olaf J.
Muller, Randy Taylor, And Detective Cristina
Banks, Caused the Plaintiff Lyons, to "be"
Wrongfully charged, tried, and Convicted of
33 Counts of California Penal Code Section
273.6 (A) based upon False Charges, Statements,
police Reports, Evidence, and testimony
presented by Defendants Fink, Muller, Taylor,
Banks Against the Plaintiff G. Lyons in
Case No 2WA009'3, Between Dec 3, 2011
through Nov 3, 2012.


(54) Plaintiff alleges, that on Oct 30, 2012
Defendant's Olaf Muller, Keith Allen Fink,
Det Cristina Banks, and Defendant Dr.
David Glasier, in violation of Penal Code
Section 118.1 Knowingly filed materially
false declarations, made materially false
statements to investigators, and
prosecutors, that Plaintiff (Lyons)



had violated the California Penal Code,
and Presented falsified evidence, all for
the PurPose of having plaintiff wrongfully,
Unjustly and falsely charged with a
misdamenor crime, and to ensure that the
plaintiff would be falsely and wrongfully
Prosecuted and imprisoned.

(55) ON or about Nov 20, 2012, Plaintiff.
(Lyons) WAS remanded back to the Los Angeles
county Jail, on Nov 21, 2012 Defendant Deputy
Goodwin took two nude Photos of the
Plaintiff G. Lyons, and Posted them on the
internet.

(56) ON or about Dec 3, 2012, Defendant
Deputy Williams, slammed the Plaintiff
Into the Wall, while Plaintiff was
handcuffed

(57) ON or about Jan 15, 2013 Defendant
Garcia threaten the plaintiff with Death
and slammed the plaintiff in the wall
because Plaintiff Snicthed on Deputy
BleAU.

(24)

(58) Between Feb 3, 2013 through MAY 10, 2013 Defendants C/A morlais, Johnson, Herra, Hylls, Lopez, Lewis, and inguez, Subject the Plaintiff, to waterboarding, assults, threats, Harrassment, denial of Roof Time, Education, food, Dental, because the Plaintiff was branded a trouble maker, and a snitch.

(59) On or about MAY 3, 2013, The Plaintiff was walking down the hall, to the Attorney room when Deputy J, Villanueva, grabbed the Plaintiff (Lyons) and slammed the Plaintiff (Lyons) to the ground for talking with another inmate, When the Plaintiff (Lyons) asked to speak with a supervisor. Defendant Villanueva threw the plaintiff (Lyons) into Segergation for 10 days based on false charges.

(40) On or about MAY 6, 2013, Plaintiff complained about the abuse, that he was suffering in the Los Angeles county Jail, directly to Defendant Leroy Baca, who ignored the written Complaints of the Plaintiff (Lyons) and ordered LT T, Westall to teach Plaintiff (Lyons) about respect and not to snitch

(25)

ON 'any Deputies of the Los Angeles mens
Central Jail,

(41) ON or about MAY 7, 2013 Defendant
Westall slammed the plaintiff LYONS into
a WALL IN 2400 (A) rows. And Doubled
the plaintiffs time IN segerations from
10 days to 21 DAYS.

(42) ON or about MAY 23, 2013 Defendant
SGT ROJAS, Punched the plaintiff G. LYONS
IN his face,

(43) ON or about JUNE 27, 2013 Defendant
SGT Lewis and SGT J. MONARREZ, met with
the plaintiff (LYONS) and Defendant
Leroy BACA, During this meeting Defendant
BACA, gave the plaintiff (LYONS) a choice
either drop CASE NO CV13-1881 MWF (DTB) or
stay IN jail for 2 1/2 years ON a misdamenor
when plaintiff (LYONS) pointed out that
other inmates convicted of the same
crime were senving only 35% of their
sentence, Defendant BACA Looked at
Defendant Lewis, and monarrez
(26)

and said teach,this punk a lesson
when I am gone.

(64) On or about June 26, 2013, The Plaintiff
was attacked, and beaten by Defendants
Lewis and Monarrez, Then the plaintiff
(Lyons) was thrown into K-10 status
and treated As a High-profile gang member

(65) On or about Sept.26, 2013, Plaintiff (Lyons)
was escorted to L.C.M.C. by a 3 man
Security team, and while in the patrol
Car, Deputy Fennel showed the plaintiff
(Lyons) several photos of the plaintiff
(Lyons), being escorted to the showers
in his underware by a (SGT) and
another Deputy.

(66) Each alleged act, was reported to
the United States District Court, Hon
David T. Brewer, who failed to ask "any"
questions, and ignored each and every
Plea for help, from the plaintiff G. Lyons
Since June of 2011.

(27)

(47) The County of Los Angeles has in place, and has ratified customs and practices which permitted and encouraged their deputies to violate State, Federal and/or Constitutional Rights/Laws.

(48) Said customs a practices also called for the County of Los Angeles and its Sheriff's Department not to discipline, prosecute, or objectively and or independently investigate or in any way deal with or respond to know incidents and complaints of wrongful conduct by deputies. Defendant County of Los Angeles is aware of and is deliberately indifferent to a pervasive and widespread pattern and practice within the L.A.S.D. of concealing known instances of evidence planting, evidence tampering, perjury, falsified police reports, witness coercion, excessive force, on-duty criminal acts and on-duty act of moral turpitude. This pattern and practice has been identified and documented by various entities.

(28)

## IV. FIRST CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE PLAINTIFFS
## FIRST, FIFTH, EIGTH, AND FOURTEENTH
## Amendment Rights. AS TO DEFENDANTS BACA,
## GAIVIN, SANTANA, Southerland, Bleau, Lopez,
## Goodwin, Williams, Morris, Rojas, GARCIA,
## Villanueva, WESTALL, Herra, Inguez, Johnson,
## Lewis, MONARREZ, BANKS, FINK, muller, Glasier
## and DOES 1-10.   42 U.S.C. 1983, 1985

(69) Each and every allegation set forth in the
preceding Paragraph is incorporated herein
by this reference with the same effect as if
re alleged herein.

(70) This action is brought pursuant to 42 U.S.C.
1983 for violation of Plaintiff; rights under
First, Fifth, Eighth, And Fourteenth
Amendment.

(71.) Plaintiff engaged in numerous activities
protected under the First Amendment, (1) Free
speech, (2) Petition to government, etc,
Plaintiff also engaged in activities, that
were protected by plaintiff's Fifth and

(29)



And Fourteenth Amendment, EXAMPLE:

A. Plaintiff reported violations of State and Federal Law to the L.A.S.D.
B. Plaintiff reported violations of State and Federal Law to the F.B.I
C. Plaintiff reported violations of State and Federal Law to the United States District Court
D. Plaintiff was found not guilty on Feb 14, 2012, after exercising his rights under 28 U.S.C. 1654. In case no NS023726, NS023727, NS023728, and NS023758, Plaintiff was exercising his Fifth Amendment rights, not to be convicted of the same crime/offense twice.
E. Plaintiff filed complaints with the E.E.O.C., the County of Los Angeles, Internal Affairs.
F. Plaintiff filed complaint with the commission of Judicial Performance

42) In retaliation, Defendants engaged in various wrongdoings directed at the Plaintiff (Lyons) that included

(30)

MALICIOUS PROSECUTION, SUSPENSION without PAY, denial OF PROPER status, Under 28USC1654 assualt, denial OF equal treatment/Protection as an inmate, threats OF bodily harm (either directly or through agents) intimidation Coercion, stalking, harm to reputation, diminished chances For Employment, ETC, (as stated more Fully above).

(73) DEFENDANTS BACA, GALVIN, SANTANA, Southerland, BLEAU, LOPEZ, Hills, Jones, Lewis, C/A Hinton, Goodwin, Williams, C/A Muelias, ROJAS, GARCIA, Villanueva, Westall, Herra, INGUEZ, Johnson, Lewis, Monarrez, and BANKS acted under Color OF law at all applicable times herein.

(74) The acts OF DEFENDANTS BACA, BLEAU, Goodwin, Hills, Hinton, Fink, mullen, Taylor, BANKS, Villanueva, Glaster, Westall, ROJAS, and LOPEZ deprived Plaintiff OF his rights Under the laws OF the United States and the Constitution,

(31)

(75) DEFENDANT's FINK, MULLER, TAYLOR, GLASIER, and BANKS, directed DeFendant's BACA, Williams, Bleau, Goodwin, Jones, Hills, Rosas, Galuin, and Villanueva, Into the acts that deprived plaintiff (Lyons) OF his rights, OR DeFendant's Fink, Muller, Taylor, Glasier and Banks, set in motion a SERIES OF acts, that they KNEW OR reasonably should have known would cause the plaintiff to be deprived of his rights,

(76) DeFendant's BANKS, and BACA Failed to act to prevent DeFendant's TAYLOR, Fink, Muller, and Glasier from engaging in criminal misconduct, directed at the plaintiff Gregory A. Lyons.

(77) PlaintiFF (Lyons) Protected speech/ conduct or chilling the plaintiffs' protected speech / conduct was a substantial or motivating factor for the defendants' actions.

(78) PlaintiFF suffered personal and Bodily injuries, and during said time, Plaintiff

(32)

Continues to Suffer, Severe emotional and psychological pain, Suffering anxiety, depression, anguish, shock and Fear.

(79) Because the acts and omissions of defendants and each of them were carried out in a deliberte, Cold, Callous, intentional and/or unreasonable manner, Causing injury and damage to Plaintiff (Lyons) as set forth above, and done with a Conscious disregard of Plaintiff (Lyons) rights and safety, Plaintiff request the assessment of Punitive damages against each defendant. There are No punitive damages sought against the County which is statutorily immune

(80) By virtue of the forgoing, Each named defendant, with the exception of County of Los Angeles, violated Plaintiff (Lyons) procedural and Substantive due process rights under the First, Fifth, Eighth, and Fourteenth Amendment

(81) The aforementioned acts of said

33

defendants were willful, wanton, malicious and oppressive and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to all non-municipal defendants.

(82) Notwithstanding the duties owed to Plaintiff (Lyons), and notwithstanding the laws of the State of California and the rights granted to Plaintiff (Lyons) under the US Constitution, each named Defendant and each of them, with deliberate indifference to the Constitutional rights of Plaintiff (Lyons), failed and refused to prevent the wrongs conspired to be committed against plaintiff (Lyons), despite their ability and duty to do so.

(84) Defendant's Fink, Muller, Glasier, Banks and Taylor, conspired to deter, by force, intimidation, or threat, Plaintiff Lyons, from testifying, cooperating, and/or disclosing various violations of state

(34)

and Federal law, Freely, Fully, and
truthfully.

### V. SECOND CLAIM FOR Relief
### Violation OF DUE Process RIGHTs through MALICIOUS Prosecution. AGAINST DEFENDANTS KEITH Allen FINK, RANDy TAylor, OLaf J. MULLER, CRISTINA BANKS DR. David GLASIER, And DoES 1-10. 5th Amendment, 14th Amendment 42 U.S.C. 1983

(85) EACH and every allegation SEt Forth iN
the preceding Paragraphs is iNcorporated
herein by this reference with the same effect
as if realleged herein

(86) This action is brought pursuant to
42 U.S.C. 1983 and the FIFth and Fourteenth
Amendment of The United States Constitution
for violation of Plaintiff (Lyons) procedural
and Substantive due process rights and the
violation there of resulting from the
malicious prosecution by defendants
named herein.

(87) As delineated above, Plaintiff Lyons was wrongfully charged with 33 Counts, of violation of California Penal Code Section 273, C(A) Based upon false charges, statements, Police reports, evidence, and testimony presented by Defendant's (Fink, Muller, Glasier, Taylor, Banks, and Does 1-10.

(88) The acts of, Defendant's Fink, Muller, Glasier, Taylor, Banks and Does 1-10 deprived Plaintiff (Lyons) of his rights under the laws of the United States and the Constitution, (SEE U.S. Vs. DIXON 509 U.S. 688 113 S.CT 2849.)

(89) Said Defendant's Fink, Muller, Glasier, Taylor, Banks, and Does 1-10, In direct violation of California Penal Code Section 118.1. Knowingly filed materially false Police reports, made materially false statements to Investigators, Superior Court Judges, and Prosecutors that Plaintiff (Lyons) had Violated the California Penal Code and presented Evidence that was used in The Long Beach Superior Court on

(36)

Feb 14, 2012, IN which the plaintiff was
found not guilty, all for the purpose of
having plaintiff wrongfully, unjustly and
falsely charged with misdamenor crimes,
and wrongfully prosecuted and imprisoned

(90) At no time did said defendant's have
probable cause to ask for the arrest and
conviction of plaintiff (Lyons) for any
misdamenor crimes, or to recommend that
the plaintiff (Lyons) be prosecuted for
any misdamenors. Defendant Fink, muller,
Taylor, Glasier, Banks and Does 1-10
meaningfully participated in the plaintiff
(Lyons) prosecution to ensure his wrongful
conviction, and wrongful imprisonment,

(91) The criminal acts, of defendant's Fink,
muller, Glasier, Banks, Taylor, and Does
1-10, we witnessed by, the Los Angeles
superior Court (Judge moreton) United States
District court, (Judge Brewer) Los Angeles
City Attorneys Office (Deputy City Attorney)
(reicle v. Curcio) Second District court
of Appeal (Judge mosk)

(37)

Who did not undertake any independent
investigations, but rather rubber-stamped
the defendant's fabricated case.

(92) As the actual and proximate results of
the acts and omissions, of said defendants
Fink, Muller, Taylor, Glasier, Banks, and does 1-10
as described herein Plaintiff (Lyons) was made
to lose his liberty on May 12, 2012 and on Jan 8, 2013
for a period of 5 years, this in violation of the
fifth and Fourteenth Amendment's procedural
and substantive due process guarantees;
Plaintiff (Lyons), has suffered personal
and bodily injuries, and he suffered and
continues to suffer, severe emotional and
psychological pain, suffering, anxiety,
depression, anguish, shock, fear and fright,
   Plaintiff has experienced or likely will
suffer with a significant loss of wages
and a significant loss of his ability to
obtain and maintain gainful employment
as a proximate result of the misconduct
of Defendants Fink, Muller, Taylor, Glasier,
Banks, and does 1-10.

(93) The aforementioned acts of said defendants Fink, Muller, Taylor, Glasier, Banks, and Does 1-10 were willful, wanton, malicious, and oppressive, and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to all non-municipal defendants.

## VI. THIRD CLAIM FOR RELIEF
## Violation of Bane Act
## [As to All Defendants]: Cal. Civil Code
## 52.1

(94) Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if realleged herein.

(95) Defendant's made threats of violence against Plaintiff (Lyons) causing Plaintiff (Lyons) to reasonably believe that if he exercised his statutory and/or constitutional rights, Defendants would commit violence against the Plaintiff (Lyons)

(39)

and the Defendants had the apparent
ability to carry out the threats.

(96) Plaintiff (Lyons) was harmed.

(97) Defendant's conduct was a substantial
factor in causing Plaintiff's harm.

## VII. FOURTH CAUSE OF ACTION
## MUNICIPAL LIABILITY For violation of
## CONSTITUTIONAL RIGHTS. As to Defendant's
## BANKS, and THE COUNTY OF Los Angeles.

(98) EACH and every allegation set forth in the
preceding paragraphs is incorporated herein
by this reference with the same effect as if
realleged herein.

(99) This action is brought pursuant to 42 U.S.C.
1983 For violation of Plaintiff (Lyons) rights
under the First, Fifth and Fourteenth Amendments.

(100) As indicated in Section VI above Defendant
Cristina Banks and Does 1-10, acting within

(40)

the Course and scope of her duty as
a peace officer of the Los Angeles police
Department, who deprived plaintiff
(Lyons) of his right to free speech, and
not to be arrested, charged, tried, and
convicted of the same crime twice in
a row. And thereafter in violation of
plaintiff (Lyons) due process rights
proceeded to make threats, falsify
evidence, submit false police reports,
and offer perjurious testimony so as
to ensure that plaintiff (Lyons) would
be harmed.

(101) At the time of these Constitutional
violations defendant County of Los Angeles
had ratified customs and practices which
permitted and encouraged their peace
officers to unjustifiably, threaten,
retaliate, and take adverse action
against individuals who engaged in
protected activities such as free speech,
reporting unlawful conduct, and opposing
illegal activities. which violates the First,
Fifth, and fourteenth Amendment of

The Plaintiff (Lyons),

VIII   EIGHTH CLAIM FOR RELIEF
Failure To Take Corrective ACTION
AS TO DEFENDANT (COUNTY)
CAl, Gov, CodE 12920

(102.) EACH and every allegation set forth
in the preceding paragraphs is incorporated
herein by this reference with the same effect
as if realleged herein,

(103) DEFENdant had an obligation to take
Corrective action to prevent Further harassment
OF PlaintiFF(Lyons), but failed to do so in
violation of Calif.Gov.Code section
12940 (k) and 12940 (J)(1), DEFENdant
Failed to Conduct PROPER investigations,
implement proper polices, to prevent
discrimination, harassment, or retaliation,
and failed to properly punish those who engaged
in misconduct to deter Further such actions
in Future.

(104) AFTER Plaintiff (Lyons) complained about and opposed the harassing, discriminatory, and criminal misconduct set forth above, Defendant County) Failed to conduct proper investigations, and, failed to take corrective actions or to properly punish those who engaged in misconduct, to deter further such actions.

(105) As a direct and legal result of the conduct by Defendants towards Plaintiff (Lyons), Plaintiff has suffered economic and non-economic damages in a sum according to proof at time of trial, and in excess of the minimum jurisdiction of This Court.

WheREFore PlAinTIFF PrAys for the Following:

1. GeNerAl dAmAges (PAin, Suffering, emotronal distress and other NON economic damages, according to proof,

2. MEDICAL, hospital and psychological brlls Past, Present and Future brlls,

3. Ciuil Penalties as authorized by statues set out herein above

4. Loss of earnings and back pay from MArch 1, 2011 to Present,

5. Loss of Future earnings from march 1, 2011 to Present,

6. The removal of case No NS023726, NS023727, NS023728, and NS023758 from Plaintiffs record,

7. The criminal prosecution of Defendants Keith Allen Fink, OlAFI, Muller, Randy Taylor, and CRISTINA BANKS,

(44)

(8) Litigation Cost

(9) Attorney Fees, And

(10.) Any other relief or damages allowed by law, or statutes not set out above and such further relief as the court deems just and proper at conclusion of trial

Dated Oct 16, 2013          Respectfully Submitted,

plaintiff pro se,

(45)

EXHibits
1-6

46

1           SUPERIOR COURT OF THE STATE OF CALIFORNIA

2               FOR THE COUNTY OF LOS ANGELES

3

4    DEPT. SO-4                    HON. CHET L. TAYLOR, JUDGE

5

6
     JENNIFER PATTERSON, ET AL,        )
7                                      )
                       PETITIONER,     )
8                                      )
                                       )    NS023604
9    VS.                               )
10                                     )
                                       )
11   GREGORY LYONS,                    )
                                       )
12                     RESPONDENT.     )

13   ─────────────────────────────────

14           REPORTER'S TRANSCRIPT OF PROCEEDINGS

15               TUESDAY, FEBRUARY 8, 2011

16

17   APPEARANCES:

18

19   PLAINTIFF:          FINK AND ASSOCIATES
20                       BY: KEITH FINK, ESQ.
                         BY: OLAF MULLER, ESQ.
21                       11500 W. OLYMPIC BOULEVARD
                         SUITE 316
22                       LOS ANGELES, CA  90064
                         (310)268-0780

23   RESPONDENT:         GREGORY LYONS, IN PROPRIA PERSONA

24

25

26

27        KELLY ROBERTS, CSR #8874, CMRS, RDR, CCRR
28                    OFFICIAL REPORTER

COPY

Exhibit(1)

```
 1   CASE NUMBER:      NS023604
 2   CASE NAME:        JENNIFER PATTERSON, ET AL
 3                     V. GREGORY LYONS
 4   LONG BEACH, CA    TUESDAY, FEBRUARY 8, 2011
 5   DEPT. SO-4        HON. CHET TAYLOR, JUDGE
 6   REPORTER:         KELLY ROBERTS, CSR #8874
 7   TIME:             MORNING SESSION
 8   APPEARANCES:      (AS HERETOFORE NOTED.)
 9
10        THE COURT:  I THINK I'LL CALL THE FIRST MATTER.
11        MR. LYONS:  I WOULD ASK THAT ALL WITNESSES BE
12   EXCLUDED.
13        THE COURT:  NO, NOT GOING TO DO THAT.  WE'RE
14   NOT GOING TO DO THAT.
15        JUST TO MAKE THINGS EASIER, MR. LYONS, I'M
16   GOING TO CALL YOUR MATTER FIRST.
17        MR. LYONS:  GREGORY LYONS, DEFENDANT.
18        MR. MULLER:  YOUR HONOR, DO YOU WANT US SEATED
19   OR STANDING?
20        THE COURT:  YOU CAN STAND, NOT GOING TO BE VERY
21   LONG.
22        MR. MULLER:  WE'LL CALL THE FIRST WITNESS.
23        THE COURT:  BEFORE YOU START, I'VE READ ALL THE
24   PAPERS. I READ THE DECLARATION OF JENNIFER PATTERSON,
25   RANDOLPH TAYLOR, OLAF MULLER. I'VE READ MR. LYON'S
26   DOCUMENTS.  I DON'T NEED MS. PATTERSON TO RECITE WHAT
27   SHE PUT IN HER DECLARATION.  I READ THESE DECLARATIONS
28   CAREFULLY.
```

1        AS YOU CAN SEE WE HAVE OTHER CASES, SO I GUESS

2   MY QUESTION IS THIS:  THIS IS A CASE THAT WAS I GUESS

3   INITIALLY HEARD BY JUDGE DILORETO BACK IN OCTOBER OF

4   LAST YEAR, AND I GUESS AT THAT PARTICULAR TIME, THE

5   PARTIES WERE AT THAT TIME ASKING FOR A RESTRAINING

6   ORDER AGAINST MR. LYONS.

7        AFTER LISTENING TO ALL THE EVIDENCE, JUDGE

8   DILORETO DENIED YOUR REQUEST FOR A PERMANENT

9   RESTRAINING ORDER.  I READ THE MINUTES OF THAT HEARING

10  THAT TOOK PLACE IN FRONT OF DILORETO, AND MY CONCERN

11  BASICALLY WAS WHAT HAPPENED SINCE THAT HEARING.

12       AND IN GOING THROUGH -- AND I'M GOING TO

13  SUMMARIZE THINGS SO I CAN TRY TO EXPEDITE THINGS A

14  LITTLE BETTER.

15       SINCE THAT HEARING, IT APPEARS -- I'M LOOKING

16  AT THE DECLARATION OF JENNIFER PATTERSON THAT YOU HAVE

17  IN FRONT OF YOU.  IT APPEARS THAT SINCE THAT HEARING

18  -- AND I'M LOOKING AT PAGE TWO, I GUESS PARAGRAPH

19  NUMBER TEN, BASICALLY WHERE MS. PATTERSON TALKS ABOUT

20  MR. LYONS CONTACTING HER ON HER FACEBOOK ACCOUNT.

21  LOOKING AT EXHIBIT C THAT WAS ATTACHED TO THAT

22  DOCUMENT AND THAT DOCUMENT GOES INTO THE I GUESS THE

23  FACEBOOK COMMUNICATION THAT TOOK PLACE.

24       GREG LYONS SAYS TO MS. JENNIFER PATTERSON, "I

25  CAN RESPECT THE FACT THAT YOU TERMINATED ME ON

26  SEPTEMBER 16TH."

27       MY UNDERSTANDING IS THAT ALL OF THIS EXTENDS

28  FROM THE FACT THAT MR. LYONS WAS TERMINATED, AND I

2

000364

1  BELIEVE MR. LYONS HAS A WRONGFUL TERMINATION SUIT

2  ONGOING AND YOU GUYS ARE GODS WITH RESPECT TO

3  DISCOVERY.  I BELIEVE HE WAS DEPOSED.  HE WAS SENT

4  INTERROGS AND SOME OTHER MAYBE REQUESTS FOR ADMISSIONS

5  AND FORMATION OF DISCOVERY.  THIS HAS BEEN GOING ON

6  FOR SOME PERIOD OF TIME.

7       THE ISSUE REALLY IS WHETHER OR NOT ANYTHING HAS

8  OCCURRED SINCE YOUR LAST HEARING THAT DEMONSTRATES OR

9  REQUIRES THAT I ISSUE A RESTRAINING ORDER WITH RESPECT

10  TO MR. LYONS.  I'M MINDFUL THERE'S A LAWSUIT GOING ON,

11  AND IF I UNDERSTAND YOUR MOVING PAPERS, I'M READING

12  THE FACEBOOK COMMUNICATION.  HE IS BASICALLY TALKING

13  ABOUT, "ALL RIGHT, YOU TERMINATED ME SEPTEMBER 16TH; I

14  CAN RESPECT THAT. YOU TRIED TO GET A RESTRAINING ORDER

15  AGAINST ME."  HE TALKS ABOUT THE FACT THAT I GUESS TIA

16  SCHIELLER FILED A DECLARATION WITH HER MOTION FOR

17  SUMMARY JUDGMENT MOTION, TALKS ABOUT KEITH FINK WHO IS

18  THE ATTORNEY FOR PACIFIC HOSPITAL LONG BEACH AND

19  DEMANDS THAT THEY ARE MAKING ON HIM, HE GOES ON AND ON

20  AND ON.  I DON'T SEE ANYTHING THREATENING ABOUT THAT.

21       MR. LYONS, YOU'RE A DISTRACTION.

22       MR. LYONS:  SORRY, YOUR HONOR.

23       THE COURT:  UNFORTUNATELY, I HAVE EXCELLENT

24  PERIPHERAL VISION.  YOU CAN'T DO THAT TO ME.

25       MR. LYONS:  I'M SORRY.  I APOLOGIZE.

26       THE COURT:  SO WHAT I HAVE HERE BASICALLY IS I

27  THINK HE IS FOOLISH.  JUDGE DILORETO WARNED HIM IN

28  OCTOBER OF LAST YEAR.  LOOK, I'M NOT ISSUING A

3

1  RESTRAINING ORDER, BUT, YOU KNOW, YOU'RE WALKING A

2  FINE LINE.  IF YOUR CONDUCT CONTINUES, A RESTRAINING

3  ORDER MAYBE BE ISSUED.  IF I WAS IN ISSUE, I WOULD NOT

4  HAVE DONE IT.  THE QUESTION IS WHETHER OR NOT I SHOULD

5  ISSUE A RESTRAINING ORDER.

6      THE FACT THAT HE DID CONTACT MS. PATTERSON, IT

7  DOESN'T APPEAR TO BE THREATENING IN ANY WAY.

8      SOME OF THE OTHER THINGS THAT I BELIEVE -- AND

9  THE REASON WHY YOU HAVE THESE OTHER WITNESSES, THEY

10  ARE TALKING ABOUT THE FACT MR. LYONS WAS OUTSIDE THE

11  FACILITY TAKING PICTURES.  AGAIN, I THINK HIS CONDUCT

12  IS FOOLISH FOR DOING THAT.  I THINK HE IS SETTING

13  HIMSELF UP.  BUT, YOU KNOW, IT WOULD BE LIKE IF ONE OF

14  MY PLAINTIFFS GOT TERMINATED, THEY HAVE A WRONGFUL

15  TERMINATION SUIT, THEY GO OUTSIDE THIS BUILDING TWO OR

16  THREE WEEKS LATER AND TAKE PICTURES OF THE BUILDING;

17  THERE'S NOTHING WRONG WITH THAT.  THEY HAVE THE FIRST

18  AMENDMENT RIGHT TO DO THAT.

19      UNLESS YOU GIVE ME ANYMORE, I DON'T SEE WHY I

20  SHOULD ISSUE A RESTRAINING ORDER AGAINST MR. LYONS.  I

21  DON'T WANT TO HEAR FROM ANY WITNESS UNLESS THEY ARE

22  TELLING ME SOMETHING NOT IN THE MOVING PAPERS.

23      MR. MULLER:  WE DO HAVE SOME ADDITIONAL WITNESS

24  TESTIMONY AND DOCUMENTS.

25      THE COURT:  WHAT ARE THEY GOING TO SAY?

26      MR. MULLER:  BEFORE THAT, YOUR HONOR, PART OF

27  THE T.R.O. PAPERS REQUIRED MR. LYONS TO TURN IN HIS

28  FIREARMS.  I BELIEVE THAT'S MANDATORY.  EARLIER THIS

4

PAGE 05/17          A&M ATTORNEY SERVICE          5624255354     03/11/2011 17:01

```
1    MORNING, HE INFORMED THE CLERK THAT HE HAD NOT TURNED
2    IN HIS FIREARM.  THAT'S IN HIS PAPERS.  HE HAS ALREADY
3    VIOLATED THE COURT'S ORDERS BEFORE WE'VE EVEN GOTTEN
4    HERE TODAY.
5            THE COURT:  OKAY, I'LL TAKE YOU AT YOUR WORD.
6            MR. MULLER:  OKAY, IT'S NOT MY WORD, IT'S
7    MR. LYONS'.  PUT MR. LYONS ON THE STAND THEN.
8            MR. LYONS:  I WOULD LIKE TO ADDRESS THAT, IF I
9    COULD.  COUNSEL KNEW THAT I WAS LICENSED BY THE STATE
10   OF CALIFORNIA --
11           THE COURT:  I DON'T WANT TO HEAR ABOUT THE GUNS
12   ANYMORE.
13           MR. LYONS:  WHEN HE SERVED ME WITH AN ORDER, IT
14   WAS BLANK.
15           THE COURT:  I DON'T WANT TO HEAR ABOUT THE GUNS
16   ANYMORE; YOU UNDERSTAND ME?
17       WHY DO YOU WANT TO CALL MR. LYONS?
18           MR. MULLER:  I WOULD LIKE FOR HIM TO
19   AUTHENTICATE SOME DOCUMENTS THAT HE SENT TO ME OVER
20   THE WEEKEND.
21           THE COURT:  DID YOU SEND HIM --
22           MR. LYONS:  YOUR HONOR, GIVEN THE FACT --
23           THE COURT:  STOP.  LOOK AT THE DOCUMENTS.  TELL
24   ME WHETHER OR NOT YOU SENT HIM THOSE DOCUMENTS.
25           MR. MULLER:  TO BE MORE SPECIFIC, YOUR HONOR,
26   MR. LYONS HAS EMAILED ME APPROXIMATELY 15 OR 20 TIMES
27   SINCE LAST THURSDAY.
28           THE COURT:  I UNDERSTAND THAT.  NOT ASKING FOR A
```

1  RESTRAINING ORDER AGAINST YOU.

2      MR. MULLER:  NO.  IN THESE AIMS, HE IS MAKING A

3  LOT OF STATEMENTS ABOUT MS. PATTERSON, ACCUSING HER OF

4  PERJURY.

5      THE COURT:  HE CAN DO THAT.  HE CAN DO THAT.

6  I'M NOT SAYING HE IS RIGHT, I THINK HE IS FOOLISH BUT

7  HE CAN DO THAT.  HE HAS A FIRST AMENDMENT RIGHT TO SAY

8  ANYTHING HE WANTS BASICALLY, UNLESS HE IS THREATENING

9  HER.

10      MR. MULLER:  YOUR HONOR, --

11      THE COURT:  RIGHT?

12      MR. MULLER:  MAYBE I CAN JUST --

13      THE COURT:  AM I RIGHT?  I WANT TO KNOW.

14      MR. FINK:  KEITH FINK.  I WORK WITH OLAF

15  MULLER.

16      THE COURT:  HE SENT YOU E-MAILS ALSO?

17      MR. FINK:  HE DID.

18      THE COURT:  I KNOW YOU'RE PISSED OFF.

19      MR. FINK:  NOT PISSED OFF.  I'M NOT HERE ON MY

20  OWN BEHALF.  I'M CONCERNED ABOUT JENNIFER PATTERSON.

21      HE'S FILED THREE BAR COMPLAINTS.

22      SUBSEQUENT TO THAT POINT IN TIME, HE HAS HAD

23  TWO LAWYERS.  THE SECOND LAWYER TOLD HIM NOT TO

24  COMMUNICATE WITH US.  HE IS TRYING TO ENCOURAGE US TO

25  VIOLATE THE RULES.

26      IN THE CIVIL CASE WHICH WE'RE NOT HERE ON

27  TODAY, THE CIVIL CASE IS NOT GOING WELL FOR MR. LYONS.

28  THERE'VE BEEN FOUR VIOLATIONS OF COURT

6



1   ORDERS.  IT'S BEEN STEPPED UP IN THE LAST FEW WEEKS.

2   THERE'S BEEN A MOTION TO COMPEL A MENTAL EXAM --

3        THE COURT:  I SAW THAT.

4        MR. FINK:  AS A RESULT OF THESE NEGATIVE

5   RULINGS IN THE CIVIL CASE, HIS ANGER HAS BEEN AMPED

6   UP.  HOW DO I KNOW THAT?  HE DOESN'T COMMUNICATE TO

7   ME.  I'M THE BAD GUY IN THE FIRM.  HE COMMUNICATES TO

8   MR. MULLER DOING MOST OF THE LEGAL WORK.

9   IN THE 17 E-MAILS, YOU CAN SEE THAT HIS

10  BEHAVIOR IS ESCALATING.

11       THE COURT:  WHY DON'T YOU GO TO THAT JUDGE AND

12  GET A RESTRAINING ORDER OR SOMETHING -- OR PROTECTIVE

13  ORDER FOR THAT CASE?

14       MR. FINK:  WE JUST WANT ANY JUDGE -- YOU'RE

15  FINE TO HEAR THIS.  WE FIRST WENT TO JUDGE DILORETO.

16  WHAT YOU SAID -- HEARD THIS BEFORE -- ON PAGE 86, WHAT

17  HE SAID WAS YOU DIDN'T HAVE ENOUGH EVIDENCE THE FIRST

18  TIME.

19       THE COURT:  HE TOLD HIM --

20       MR. FINK:  EXACTLY.

21       THE COURT:  HE DID.  HE MADE IT VERY CLEAR.

22       MR. LYONS, YOU KNOW, I THINK WHAT YOU'RE DOING

23  IS EXTREMELY FOOLISH.

24       MR. FINK:  HE SAID IF YOU CONTACT

25  MS. PATTERSON, IF YOU E-MAIL HER, THEY WILL BE BACK

26  HERE AGAIN.  AS I READ IT --

27       THE COURT:  HERE YOU ARE.

28       MR. FINK:  YOUR HONOR, THE FACEBOOK --

000369

1   FACEBOOK; YOU AND I ARE FROM A LITTLE DIFFERENT TIME.

2        THE COURT:  I'M ONLY IN MY 20'S.

3

4             (LAUGHTER)

5

6        THE COURT:  GO AHEAD.

7        MR. FINK:  I GOT MORE GRAY SHOWING.  GETTING A

8   FACEBOOK IN TODAY'S DAY AND AGE, OPENING UP A REQUEST

9   FOR MR. LYONS PUT ADDITIONAL EVIDENCE.  WE DIDN'T KNOW

10  AT THE TIME OF THE FIRST HEARING THAT MR. LYONS HAD A

11  FELONY AND IT WAS FOR ATTEMPTED MURDER WHERE HE

12  CONSPIRED TO COMMIT ATTEMPTED MURDER.  HE HAD SOMEONE

13  TAKE A PENCIL, PUT IT IN SOMEBODY'S EYE.

14       THE THIRD PRONG IS, THIS IS A HARASSMENT CLAIM.

15  SO THAT'S THE THIRD -- I THINK YOU'RE WRONG THAT HE

16  HAS FIRST AMENDMENT RIGHTS.  IT'S THE CONSTELLATION OF

17  EVIDENCE I THINK THAT FORMS THE HARASSMENT WHICH IS A

18  CREDIBLE THREAT TO MS. PATTERSON.  WE'RE ONLY HERE ON

19  HER BEHALF.

20       THE COURT:  I UNDERSTAND.

21       MR. LYONS:  IF I MAY RESPOND, YOUR HONOR?

22       THE COURT:  ARE YOU FINISHED?

23       MR. FINK:  I'M FINISHED.

24       THE COURT:  YOU WANT TO ADD ANYTHING?

25       MR. MULLER:  NO, YOUR HONOR.

26       THE COURT:  GO AHEAD, MR. LYONS.

27       MR. LYONS:  I HAVE NO ATTEMPTED MURDER ON MY

28  RECORD.  THIS COURT CAN CHECK THAT.  DEPARTMENT OF

8

1   JUSTICE HAS ALREADY CHECKED THAT.  I UNDERSTAND YOUR

2   THINKING AND I UNDERSTAND MR. FINK'S ARGUMENT.  WHEN

3   WE GET ALTERED DOCUMENTS INSIDE A CASE, WE KNOW

4   THEY'RE ALTERED AND JENNIFER PATTERSON SIGNS -- SHE

5   SAYS THOSE DOCUMENTS ARE ALTERED.  WE FILED FOR OUR

6   OPPOSITION TO THE MOTION TO THE SUMMARY JUDGMENT.

7   PLAIN AND SIMPLE, GOING TO THE JUDGE SAYING THE

8   DOCUMENTS ARE ALTERED.

9         THE COURT:  THE ISSUE IS WHY DO YOU HAVE -- WHY

10  DID YOU SEND THESE E-MAILS?  I THINK THE ISSUE COUNSEL

11  IS MAKING -- LOOK, ALL THESE THINGS CAN BE LITIGATED.

12  MAY BE ISSUES, BUT WHY DO YOU HAVE TO SEND E-MAILS?

13  WHY DO YOU HAVE TO SEND SOMETHING TO MS. PATTERSON ON

14  FACEBOOK?

15        THAT'S THE QUESTION; AM I RIGHT?

16        MR. FINK:  YES, YOUR HONOR.

17        MR. MULLER:  NOT JUST HER --

18        THE COURT:  GO AHEAD.

19        MR. LYONS:  LET ME ANSWER TO THE JUDGE.

20        THE COURT:  THAT'S WHAT JUDGE DILORETO WAS

21  TRYING TO TELL YOU WHEN YOU WERE BEFORE HIM IN 2010.

22        MR. LYONS:  THAT'S TRUE.  WHEN THEY TOOK MY

23  DEPOSITION, YOUR HONOR, WHICH IS RIGHT HERE IN FRONT

24  OF ME --

25        THE COURT:  YOU'RE NOT ANSWERING THE QUESTION.

26        MR. LYONS:  I'M ANSWERING.  REAL QUICK, THE

27  DEPOSITION WAS TAKEN.  IT WAS ALLEGED I SAID ALICIA

28  PATTERSON HAD A DRINKING PROBLEM.  I NEVER SAID --

```
1          THE COURT:  I UNDERSTAND THAT.
2          MR. LYONS:  ALLS I DID WHEN I GOT THE CORRECTED
3    DEPOSITION, WHEN I STARTED TO CORRECT IT, I SENT
4    ALICIA A MESSAGE.
5          THE COURT:  WHY COULDN'T YOU CONTACT THE
6    ATTORNEYS?
7          MR. LYONS:  I DID.
8          THE COURT:  WHY DID YOU HAVE TO SEND HER A
9    FACEBOOK COMMUNICATION?
10         MR. LYONS:  JUST SIMPLY TELL HER IT'S NOT
11   COMING FROM ME.
12         THE COURT:  YOU DON'T GET IT, MR. LYONS.  YOU
13   DON'T UNDERSTAND.  DO YOU UNDERSTAND THE POINT THAT
14   COUNSEL IS MAKING?
15         MR. LYONS:  I UNDERSTOOD THE POINT.
16         THE COURT:  WHY IS IT NECESSARY FOR YOU TO SEND
17   HER A FACEBOOK COMMUNICATION.
18         MR. LYONS:  WE SENT HER ONE TIME AS A FRIEND.
19         THE COURT:  WHO IS THIS?
20         MR. LYONS:  I DID.  I SENT IT TO HER ONE TIME
21   AS A FRIEND TO SAY HEY LOOK —
22         THE COURT:  DO YOU UNDERSTAND YOU CAN'T DO
23   THAT?
24         MR. LYONS:  NOW I DO.
25         THE COURT:  WHAT SHE IS TELLING YOU, LOOK, I
26   DON'T WANT TO HAVE ANY FACEBOOK COMMUNICATION WITH
27   YOU.
28         MR. LYONS:  RIGHT.  OKAY.
```

000372

```
 1          THE COURT:  YOU TAKE IT PERSONALLY.
 2          MR. LYONS:  YEAH.  IF THERE HAD BEEN ANOTHER
 3    FACEBOOK --
 4          THE COURT:  MR. LYONS, DO YOU UNDERSTAND?  I'VE
 5    GOT TO MAKE SURE YOU UNDERSTAND.
 6          MR. LYONS:  I UNDERSTAND.
 7          THE COURT:  ANYTHING ELSE YOU WANT TO TELL ME?
 8          MR. FINK:  WHAT HE SAID, IT'S NOT ACCURATE.  HE
 9    IS NOT HER FRIEND.  HE IS TRYING TO GET MILLIONS OF
10    DOLLARS FROM HER.  SHE FILED A RESTRAINING ORDER
11    AGAINST HIM, SO HE IS NOT BEING CANDID WITH THE
12    COURT.  HE IS HARASSING HER.  THE EXCUSE HE GAVE IS
13    NOT CREDIBLE.
14          MR. MULLER:  ALSO, YOUR HONOR, IT'S NOT JUST
15    JENNIFER PATTERSON THAT HE CONTACTED, HE HAS
16    CONTACTED THE 20-YEAR-OLD DAUGHTER.
17          THE COURT:  WHY DID YOU CONTACT HER DAUGHTER?
18          MR. LYONS:  WE ONLY CONTACTED THEM BOTH --
19          THE COURT:  YOU'RE NOT ANSWERING THE QUESTION.
20    WHY DID YOU CONTACT THE DAUGHTER?
21          MR. LYONS:  THE DAUGHTER WAS CONTACTED TO TELL
22    HER AS A FRIEND THESE ALLEGATIONS ARE BEING MADE BY
23    YOUR ATTORNEY THAT ARE FALSE, THAT WAS IT.
24          THE COURT:  OKAY.  APPARENTLY, SHE DOESN'T WANT
25    YOU TO CONTACT HER.
26          MR. LYONS:  WHICH I UNDERSTAND NOW.
27          THE COURT:  YOU UNDERSTAND.  IF YOU CONTINUE
28    THE CONTACT, I'M MAKING VERY CLEAR -- SUING ME I
```

1   GUESS AS A LIAISON -- TH R RAINING ORDER IS GOING
2   TO BE ISSUED IN A SECOND.   YOU UNDERSTAND THAT,
3   MR. LYONS?
4         MR. LYONS:  YES.
5         THE COURT:  ANYTHING SE YOU WANT TO TELL ME?
6         MR. FINK:  NO, Y R OR.
7         THE COURT:  I TH K S REALLY A CLOSE CALL, I
8   REALLY DO.  DON'T GET M  I COULD ERSTAND
9   MS. PATTERSON'S CONCERN  MR OCUS.
10        PLEASE DON'T MOVE AR WHILE I'M TALKING.
11        I'M TELLING MR. LYON IGHT NOW, SHE DOESN'T
12  WANT YOU TO CONTACT HER WAY, SHAPE OR FORM.
13  THE PROBLEM WITH THE FA HEN YOU HAVE A FACEBOOK
14  IT'S OPEN TO THE PUBLIC  RIGHT?
15        MR. MULLER:  HER IS T ON PRIVATE.
16        THE COURT:  TO A CE Y DEGREE, IT'S PRIVATE.
17  TO A CERTAIN DEGREE, IT'S TO THE PUBLIC.
18        MR. FINK:  IN A UP WAY, YOU CAN SEND A
19  MESSAGE.  HE IS SAYING  A MESSAGE TO A FRIEND
20  WHO HE IS TRYING TO HAR
21        WHAT WE COULD A  R DED T AR THE
22  EMOTIONAL DISTRESS SHE ER , MAYBE YOU COULD
23  ISSUE THIS FOR A MORE L RATION TH N THREE
24  YEARS.
25        WHAT I'M CONCERN A , WE HAVE A SUMMARY
26  JUDGMENT HEARING ON THU  I THINK THERE'S A GOOD
27  CHANCE WE'RE GOING TO WI
28        THE COURT:  THEN B ER IN A WEEK.

000374

1        MR. FINK:  THEN    E     ATTORNEY'S FEES.

2   THERE'S A JUDGMENT DEBTOR'S  XAM.  AS THESE MOUNT, I

3   SEE HE IS GETTING MORE    RE  GGRAVATED.  LIMITED

4   DURATION, SIX MONTHS          AYBE IT PASSES, HE

5   MOVES ON TO THE NEXT EMPL    WHO HE WANTS TO

6   TERRORIZE.

7        THE COURT:  I H     J.  I'M NOT DOING IT.  I

8   THINK YOU ARE CLOSE.          IT'S A CLOSE CALL.  I

9   THINK IT'S SO CLOSE, I  OU  OOK A COIN AND FLIPPED

10  IT, THAT'S HOW CLOSE I         T IS.

11       I'M MINDFUL OF       CERN.

12       I'M ALSO MINDFUL OF    FACT IF I ISSUED A

13  RESTRAINING ORDER, I'M  OK    AT ALL THE STANDARDS.

14  I DON'T KNOW, IT WILL          REPERCUSSIONS TO

15  MR. LYONS.

16       I'M MINDFUL OF         GO   ON WITH

17  MISS PATTERSON.

18       THE FACT YOU HAV        CK HER  MULTIPLE

19  OCCASIONS, THAT'S HOW C  SE   THINK IT IS.

20       THIS IS SOMETHI     I C SIDER  OVERNIGHT.

21  I TOOK BOTH OF THESE --       TH  OLD   E HOME.  I

22  TOOK YOUR CASE HOME WIT       I     THRO GH ALL THE

23  DECLARATIONS.  EVEN THI    NG,  WENT  CK AND

24  FORTH WITH MY STAFF ON        E.  THEY   VERY

25  FAMILIAR WITH THE CASE       O  WANT   ET YOU

26  KNOW THIS IS A CASE TH        SE OUS   IDERATION.

27       IN LIGHT OF ALL     SS    HER  THAT ARE

28  INVOLVED AND THE PARTIE       ED,  THIN IT'S A

000375

```
 1    CLOSE CALL.  I'M NOT IN THE RESTRAINING ORDER AT
 2    THIS POINT IN TIME; BUT NOW, I'M GOING TO TELL
 3    MR. LYONS, ONE MORE COMPLICATION, I THINK THAT WILL
 4    BE IT; THE PATTERN WILL BE IT.  I'M TELLING YOU RIGHT
 5    NOW, IT WON'T EVEN BE A CLOSE CALL.
 6          MR. LYONS:  I UNDERSTAND, YOUR HONOR.
 7          THE COURT:  I'M TALKING ABOUT MS. PATTERSON,
 8    TALKING ABOUT HER DAUGHTER, TALKING WITH ANYONE
 9    RELATED, ANYONE TANGENTIALLY RELATED WITH HER, THAT'S
10    IT.  THE RESTRAINING ORDER WILL BE ISSUED.
11          AT THIS POINT IN TIME, I'M NOT ISSUING IT.
12    HOPEFULLY, I WON'T SEE THIS AGAIN, ALTHOUGH I
13    THINK THERE'S A SLIGHT CHANCE --
14          MR. FINK:  YOU WOULD MAKE YOUR RULING.
15          THE COURT:  MY RULING IS VERY CLEAR.
16          MR. FINK:  WHEN YOU SAY A "SLIGHT CHANCE," THE
17    OTHER CONCERN WE HAVE, HE HAS A HEALTH CARE FACILITY.
18    HE IS CIRCLING AROUND THE HEALTH CARE FACILITY, THERE
19    IS PATIENTS.  WE DON'T KNOW WHAT HE IS GOING TO DO.
20          THE COURT:  HE MIGHT -- YOU CAN'T STOP
21    HIM GOING OUTSIDE THE FACILITY.  IS YOU WANT TO TAKE
22    PICTURES --
23          MR. FINK:  NO, YOUR HONOR.  IF HE IS GOING TO GO
24    OFF, SURE.  IT'S BAD ENOUGH THAT MS. PATTERSON MAY BE
25    INJURED.  THERE ARE OTHER WOMEN, PEOPLE WHO ARE THE
26    PATIENTS.
27          THE COURT:  I READ THE PAPERS.  IT WAS IN THE
28    PAPERS.  I AGREE WITH YOU.
```

000376

1      MR. LYONS, YOU'RE ____ ___ NG A **TIGHT** ROPE.   I

2    DON'T KNOW HOW TO EXPL_ ____ O YOU.

3      MR. LYONS:  I U__ RS_ _D.

4      CAN I ORDER A T_ _SC_ T, YOUR HO_ R?

5      **THE COURT:**  YOU ____ K I_ OUT W _H THE **COURT**

6    **REPORTER.**

7      MR. LYONS:  CAN _ ___  COPY **OF** T_ _ **COURT'S**

8    **RULING?**

9      **THE COURT:**  YOU'__ P_ ABL) GET A COPY **IN THE**

10   **MAIL.**

11     **THAT'S IT FOR** T__ _.

12     **GOOD LUCK TO YO**_ _8. _TT_ _SON.

13     **THE BAILIFF:**  MR _ _ , H_ _E A S_ _ **IN THE**

14   **AUDIENCE.**

15     MR. LYONS:  P__ _ _.

16

17             (PROCE_ _ _SS _ _CL_ _ED.)

18

19

20

21

22

23

24

25

26

27

28

000376A

1      SUPERIOR COURT FOR THE STATE OF CALIFORNIA

2          FOR THE COUNTY OF LOS ANGELES

3    DEPT. SO-4                HON. CHET L. TAYLOR, JUDGE

4

5    JENNIFER PATTERSON, ET AL,                    )

6                    PETITIONER,                    )
                                                    )    NS023604
7    VS                                             )
                                                    )    REPORTER'S
8    GREGORY LYONS,                                 )    CERTIFICATE
                                                    )
9                    RESPONDENT.                    )
                                                    )
     _____

10

11

12

13

14

15        I, KELLY ROBERTS, CSR 8874, OFFICIAL REPORTER OF

16   THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

17   COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

18   FOREGOING PAGES 1 THROUGH 15, INCLUSIVE, COMPRISE

19   A TRUE AND CORRECT STATEMENT OF THE PROCEEDINGS TAKEN

20   IN THE ABOVE-ENTITLED MATTER ON FEBRUARY 3, 2011.

21

22        DATED THIS 7TH DAY OF MARCH, 2011.

23

24

25   _____,CSR 8874, CMRS, RDR, CCRR

26        OFFICIAL REPORTER

27

28

000377



**WV-250**   **Proof of Service of Response by Mail**

Clerk stamps date here when form is filed.

**(1) Petitioner (Employer)**
Name: Keith Fink

**(2) Employee in Need of Protection**
Name: Olaf Muller

**(3) Respondent (Person From Whom Protection Is Sought)**
Name: Greg A. Lyons

**(4) Notice to Server**
The server must:
- Be 18 years of age or older;
- Be a resident of or employed in the county where the mailing took place;
- Not be the respondent;
- Mail a copy of all documents checked in (5) below to the petitioner or the petitioner's lawyer;
- Complete and sign this form and give it to the respondent.

Fill in court name and street address:
Superior Court of California, County of

Los Angeles, South District

Fill in case number:
Case Number:
S 023726

## PROOF OF SERVICE BY MAIL

**(5)** I am 18 years of age or older and not a party to this proceeding. I am a resident of or employed in the county where the mailing took place. I mailed the petitioner or the petitioner's lawyer a copy of:

a. Form WV-120, *Response to Petition for Orders to Stop Workplace Violence* (completed)
b. ☑ Other *(specify):* Request For Judicial Notice Pursuant To Evidence Code 450 et seq

**(6)** I placed copies of the documents listed above in a sealed envelope and mailed them as described below:

a. Mailed to *(name):* Olaf Muller
b. Mailed from: City Carson ___ State: Cali ___ On *(date):* 03/26/11
d. To this address: Olaf Muller ESQ 11500 Olympic Blvd # 316
   City: Los Angeles ___ State: Calif ___ Zip: 90064

**(7) Server's Information**
Name: Howard Green ___ Telephone: ___
Address: 5413 S Avalon Blvd ___
City: Los Angeles ___ State: C ___ Zip: 90020

*(If you are a registered process server):*

County of registration: ___ Registration number: ___

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: 3/26/11

Howard Green
*Type or print server's name*          *Server to sign*

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2011, Optional Form
Code of Civil Procedure, § 527.8

Proof of Service of Response by Mail
(Workplace Violence Prevention)

WV-250, Page 1 of 1

000378

RICHARD D. ROME (SBN 77936)
Attorney at Law
7100 Hayvenhurst Avenue
Penthouse Suite C
Van Nuys, California  91406-3804
Telephone:  (818) 994-8761
Facsimile:  (818) 994-1891

Attorney for Appellant
GREG LYONS


APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES


| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Plaintiff and<br>　　　　Respondent,<br><br>vs.<br><br>GREG LYONS,<br><br>　　　　Defendant and<br>　　　　Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  BR050319<br><br>Trial Court No. 2WA00963 |


**APPELLANT'S REPLY BRIEF**


i

EXHIBIT (2)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . .  iii

I     APPELLANT DID NOT WAIVE THE DOUBLE
      JEOPARDY ISSUE AND THIS DOCTRINE
      SHOULD BAR APPELLANT'S CONVICTIONS . . . . . . .  1

II    THERE WAS INSUFFICIENT NOTICE AND
      SERVICE OF THE RESTRAINING ORDERS. . . . . . . .  2

III   APPELLANT SHOULD HAVE BEEN ALLOWED
      TO PRODUCE EVIDENCE ON THE VALIDITY
      OF THE RESTRAINING ORDER . . . . . . . . . . . .  3

IV    THE TRIAL COURT ERRED IN ALLOWING
      INTO EVIDENCE: (1) ATTORNEY FINK'S
      TESTIMONY AND, (2) THE HEARING TRANSCRIPT. . . .  4

V     THE STATE BAR LETTER SHOULD
      HAVE BEEN ADMITTED . . . . . . . . . . . . . . .  5

VI    THE COMMUNICATIONS WERE
      AUTHORIZED AND PRIVILEGED. . . . . . . . . . . .  6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . .  7

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . .  8

PROOF OF SERVICE

## TABLE OF AUTHORITIES

Cases

People v. Anderson
      (2009) 47 Cal.4th 92. . . . . . . . . . .       1

People v. Memro
      (1995) 11 Cal.4th 786 . . . . . . . . . .       1




Statutes

United States Code

      Section 1654 . . . . . . . . . . . . . .       6


Civil Code

      Section 47(b). . . . . . . . . . . . . .       6, 7
Evidence Code

      Section 210. . . . . . . . . . . . . . .       5
      Section 1200(b). . . . . . . . . . . . .       4

iv

Appellant submits the following in reply to the government's brief:

## I

### APPELLANT DID NOT WAIVE THE DOUBLE JEOPARDY ISSUE AND THIS DOCTRINE SHOULD BAR APPELLANT'S CONVICTIONS

In his opening brief, appellant argued that his case should be barred on double jeopardy grounds since he had already been tried and acquitted for criminal contempt. In its response the government argues that the issue was waived because appellant never formally entered a plea making this specific claim. The government relies on People v. Memro (1995) 11 Cal.4th 786 and People v. Anderson (2009) 47 Cal.4th 92 for this proposition. However, in both cases it appears the issue was first raised at the appellate level (although both courts decided the issue anyway). Here, Mr. Lyons did raise the issue prior to trial when he moved to dismiss the case on double jeopardy grounds. Thus, the issue was raised and should be deemed preserved.

With respect to the merits of the motion, it should have been granted. As noted in the opening brief, appellant specifically raised the double jeopardy issue during a hearing prior to trial. He argued that there was a contempt hearing, and that it had been discharged after a finding that no violation occurred. In its brief, the

1

government now argues the evidence was not sufficient to support appellant's position. Appellant disagrees. During the hearing of July 2, 2012, when the issue was raised, appellant explained in depth that there had been a criminal contempt hearing; and that he could have been sentenced to jail. (RT 3-6) In response, the government attorney stated that the court understood it not to be a criminal proceeding, but further stated "it's a criminal prosecution for a violation of a restraining order." (RT 6) In essence, it appears the government's attorney acquiesced in the position that a criminal proceeding occurred. Thus, the trial court's analysis that double jeopardy did not apply was wrong. (RT 4-6) Appellant put forth evidence on the issue that was not rebutted by the government. Because the case had previously been decided, the convictions should be reversed.

## II

### THERE WAS INSUFFICIENT NOTICE AND SERVICE OF THE RESTRAINING ORDERS

In his opening brief, appellant argued that he was not properly served with the restraining orders and therefore the notice element of the offense was not proven. The government argues that personal service was made on appellant and, in any event, the notice requirement was proven through the testimony of complaining witness Keith Fink and Exhibit 5, a copy of a portion of the transcript

at the contempt hearing.  (Respondent's Brief, pp. 10-11)
However, a review of Exhibit 5 reveals that appellant was
not even told of the parties who obtained the orders,
merely referring to them as petitioners.  Further, attorney
Fink's testimony was not reliable and, was objected to, as
noted in Argument IV of appellant's opening brief.

With respect to service of the orders, in this
instance this should not be allowed to form the basis of
the notice.  As noted in the opening brief and acknowledged
by respondent, the proofs of service were not properly
prepared and filed for all restraining orders, Exhibits 1-
4.  Exhibit 4 had no proof of service, and Exhibit 3 had
the wrong proof of service.  How can service be deemed
proper under the circumstances?  With service improper, and
the court proceedings questionable, this court should find
that the notice element was lacking. Therefore, the
convictions should be overturned.

### III

**APPELLANT SHOULD HAVE BEEN ALLOWED
TO PRODUCE EVIDENCE ON THE
VALIDITY OF THE RESTRAINING ORDER**

In his opening brief, appellant argued that he should
have been allowed to produce evidence as to the validity of
the restraining orders.  The government argues that
appellant never specified the issuing court's error, and
that the trial court even erred by including the phrase
"legally issued" in the jury instructions.  First, since

appellant was foreclosed from producing any evidence, there
was no need for specificity as to the error.  Further,
since the court did include the phrase "legally issued" in
the jury instructions, this opened the door for evidence to
be presented on this issue.  In other words, because the
orders had to be "legally issued", the evidence should have
been allowed on this point.

### IV

**THE TRIAL COURT ERRED IN ALLOWING INTO
EVIDENCE: (1) ATTORNEY FINK'S TESTIMONY
AND, (2) THE HEARING TRANSCRIPT**

In his opening brief, appellant argued that attorney
Fink should not have been allowed to testify what the trial
judge told appellant concerning the orders. He argued this
was hearsay.  Respondent argues this is not hearsay but
rather "operative facts to show defendant had notice … and
that he knew of the order." (Respondent's Brief, p. 10)
The problem with this analysis is that attorney Fink
testified as to what the judge told appellant.  He did not
testify as to what appellant stated, but what the judge
stated.  This is clearly hearsay, with no applicable
exception.  Evidence Code Section 1200(b).  Thus, because
this testimony was not admissible, and impacted the case
negatively, as detailed in the opening brief, the
convictions should be set aside.

Likewise, it was error to allow Exhibit 5, a
transcript of the restraining order hearing on November 17
and November 18, 2011 to be admitted.  As previously noted,
this evidence was cumulative, irrelevant and prejudicial.
This extraneous information was merely designed to fill in
a gap through means that should not have been allowed.

**V**

**THE STATE BAR LETTER
SHOULD HAVE BEEN ADMITTED**

In his opening brief, appellant argued that it was
error to have excluded a warning letter from the State Bar
of California.  The letter, Exhibit A, admonished attorney
Fink concerning his conduct toward appellant.  Not only did
the letter express appreciation for appellant's conduct,
but was to give guidance to Fink for future conduct.  This
was classic impeachment material and was relevant for this
purpose.  Evidence Code § 210.  Fink was a key prosecution
witness and his testimony was important evidence.

The letter was not hearsay, as Fink acknowledged its
authenticity and that he received it.  This was sufficient
to withstand the hearsay objection.  With respect to the
argument that it was cumulative, it surely was not.  It
would have more fully explained the situation to the jury,
not that attorney Fink had merely received it.  This was
crucial evidence because Fink was the key witness in the
case.  This could very well have made a difference, and the

exclusion of this evidence was harmful and prejudicial to
the case.

## VI

### THE COMMUNICATIONS WERE
### AUTHORIZED AND PRIVILEGED

Appellant argued that the communications to the
attorneys were allowed, since appellant was his own
attorney on the appeal of his restraining orders.  The
government argues that none of the emails involved service
of legal papers, but acknowledges that some refer to the
"labyrinth of litigation," and that all violated the
orders.  Appellant disagrees with this, as the emails were
all legal related.  Exhibits 7 - 41 all refer to the TROs,
the appeals and the Ninth Circuit, state court and legal
matters.

While technically the emails did not involve service
of process, they surely involved appellant's right to free
speech and to represent himself.  U.S.C. § 1654.  The
convictions should be set aside.

With respect to the litigation privilege, appellant
argued in his opening brief that his communications were
privileged, and as such were immune from criminal
prosecutions.  He cited to Civil Code section 47(b) and
related cases.  While the government cites to cases that
indicate that this section may not apply to criminal cases,
by analogy this court could also find that the privilege

applies, even if not specifically under 47(b).  There is no reason for this court not to make such a finding.  Because this was important to the case, a reversal is necessary.

## CONCLUSION

Based on the foregoing, the convictions should be reversed.

DATED: October 8, 2013          Respectfully submitted:


                                _____
                                RICHARD D. ROME, ESQ.
                                Attorney for Appellant

7

**COURT RULE 8.883(b)(1), CERTIFICATE OF COMPLIANCE**

Based upon the computer program used to generate Appellant's brief, I certify that this document, including footnotes, contains 1,503 words.

DATED: October 8, 2013

_____
RICHARD D. ROME

01/18/2012 06:23 FAX                                                          P-1B          ☒ 038/073

Re: FINK & STEINBERG / HEALTHSM.     PACIFIC, INC. V. LYONS,...

**Subject:** Re: FINK & STEINBERG / HEALTHSMART PACIFIC, INC. V. LYONS, Case Nos. NS023726, NS023727, NS023728, NS023758
**From:** Greg Lyons <lyons.greg@sbcglobal.net>
**Date:** 12/13/2011 6:15 PM
**To:** Olaf Muller <omuller@finksteinberg.com>
**CC:** kfink@finksteinberg.com, Andrew Smyth <andrewsmyth@smythandsmyth.com>, Andrew Smyth <asrushtown@gmail.com>, ksteinberg@finksteinberg.com, "b. kwaku duren" <bkwakuduren@gmail.com>, "b. kwaku duren" <bkwakuduren@msn.com>, cbj@calbar.ca.gov

Mr. Muller,

You are free to apply for any ex-party application in Long Beach Calif. But you should be advised that the four cases are on appeal. Judge Taylor has no control over the appeal. Judge Taylor rendered his decesion on Nov 18. 2011. You can't complain about a appeal. You are free to go to Judge Taylor with your complaint but the case is on appeal.

---

**From:** Olaf Muller <omuller@finksteinberg.com>
**To:** Greg Lyons <lyons.greg@sbcglobal.net>; KEITH FINK <kfink@finklawfirm.com>; Olaf J. Muller <omuller@finksteinberg.com>
**Sent:** Tue, December 13, 2011 5:13:53 PM
**Subject:** FINK & STEINBERG / HEALTHSMART PACIFIC, INC. V. LYONS, Case Nos. NS023726, NS023727, NS023728, NS023758

Dear Mr. Lyons,

Please take notice that on Thursday, December 15, 2011, at 8:30 a.m. in Dept 4 of the Los Angeles Superior Court - South District located at 415 Ocean Blvd, Long Beach, CA 90802, Petitioners Healthsmart Pacific, Inc. and Fink & Steinberg, acting on behalf of employees Jennifer Patterson, Tia Schiller, Keith Fink, and me, will apply ex parte for the Court to set an Order to Show Cause hearing re your contempt of the four permanent restraining orders issued against you in late November 2011.

This ex parte application will be based on the fact that you have repeatedly violated all four orders, which expressly prohibit you from sending any faxes or email messages to me, Keith Fink, Jennifer Patterson, or Tia Schiller, directly and indirectly, regardless of their substance. You have sent us over fifty email messages in the past couple weeks, and you have faxed us approximately 150 pages of faxes, all in direct violation of the four permanent restraining orders. In short, you have acted as if there are no permanent restraining orders in place, such that the Court's enforcement of the same will be necessary. We will ask the Court to find you in contempt of the four permanent orders and sentence you to jail time for your repeated violations.

Olaf J. Muller
FINK & STEINBERG
11500 Olympic Blvd
Suite 316
Los Angeles, CA 90064

Tel. (310) 268-0780
Direct Dial (310) 473-6277

EXH (3)



Re: FINK & STEINBERG / HEALTHSMART PACIFIC, INC. V. LYONS,...

P-20

**Subject:** Re: FINK & STEINBERG / HEALTHSMART PACIFIC, INC. V. LYONS, Case Nos. NS023726, NS023727, NS023728, NS023758
**From:** Greg Lyons <lyons.greg@sbcglobal.net>
**Date:** 12/13/2011 7:14 PM
**To:** Olaf Muller <omuller@finksteinberg.com>
**CC:** kfink@finksteinberg.com, ksteinberg@finksteinberg.com, "b. kwaku duren" <bkwakuduren@gmail.com>, "b. kwaku duren" <bkwakuduren@msn.com>, Andrew Smyth <andrewsmyth@smythandsmyth.com>, Andrew Smyth <asrushtown@gmail.com>

Mr. Muller,
        Judge Taylor can not hear this motion. The case is on appeal. Greg L

---

**From:** Olaf Muller <omuller@finksteinberg.com>
**To:** Greg Lyons <lyons.greg@sbcglobal.net>; KEITH FINK <kfink@finklawfirm.com>; Olaf J. Muller <omuller@finksteinberg.com>
**Sent:** Tue, December 13, 2011 6:18:49 PM
**Subject:** FINK & STEINBERG / HEALTHSMART PACIFIC, INC. V. LYONS, Case Nos. NS023726, NS023727, NS023728, NS023758

Dear Mr. Lyons,

Please take notice that on Thursday, December 15, 2011, at 8:30 a.m. in Dept 4 of the Los Angeles Superior Court - South District located at 415 Ocean Blvd, Long Beach, CA 90802, Petitioners Healthsmart Pacific, Inc. and Fink & Steinberg, acting on behalf of employees Jennifer Patterson, Tia Schiller, Keith Fink, and me, will apply ex parte for an Order Shortening Time on their concurrently-filed Motion to Reconsider its previous denial of Petitioners' Motion to Declare you a Vexatious Litigant.

This application will be based on the fact that you have recently filed a notice of appeal of your wrongful termination case, months after the applicable appeal deadline expired. This application is also based on the fact that you have recently threatened to file new actions against PHLB and this firm, and you have continued to pursue your meritless federal claim against Petitioners through to the Ninth Circuit Court of Appeals. This endless litigation of already-adjudicated claims must stop, for which reason Petitioners will ask the Court to reconsider its prior denial of their Motion to have you declared a Vexatious Litigant.


--
Olaf J. Muller
FINK& STEINBERG
11500 Olympic Blvd
Suite 316
Los Angeles, CA 90064

Tel.  (310) 268-0780
Direct Dial  (310) 473-6277
Fax.  (310) 268-0790


--

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND THUS MAY CONTAIN INFORMATION THAT IS PRIVILEGED.

Ex H (4)

12/14/2011 4:59 PM

P-39

**From:** Greg Lyons <lyons.greg@sbcglobal.net>
**Date:** April 22, 2012 8:30:01 PM PDT
**To:** Andrew Smyth <andrewsmyth@smythandsmyth.com>, Andrew Smyth
<asrushtown@gmail.com>
**Cc:** "b. kwaku duren" <bkwakuduren@gmail.com>, "b. kwaku duren"
<bkwakuduren@msn.com>, kfink@finksteinberg.com, ksteinberg@finksteinberg.com,
cbj@calbar.ca.gov
**Subject:** Follow Up Investigation To False Police Report Of Olaf J. Muller Calif
Penal Code Section 148.5

( EXH 5 )

Fwd: Fwd: Follow Up Investigation To False Police Report Of Olaf ...

Andrew,

A 1 hour taped meeting took place, it was a follow up investigation as to rather or not they are going to charge Olaf J. Muller with filing a false police report, and several other counts. He made a police report stating that I had sent 17 e-mails in violation of a court order. They have a copy of the motion to consolidate, along with who is the attorney of record etc. It could be about 2 -3 weeks it depends on how long it takes to read through each brief etc.she has each e-mail of Jan 21-24 and the case NS023604. She alo has the original complaints and who is the attorney of record. She read his declaration and his allegation of the Torrance Court house. Greg



LOS ANGELES
**POLICE**

Detective R.D. Jones
#31116

West Los Angeles Division

1663 Butler Avenue Los Angeles, CA 90025
Tel: (310) 444-1639   Fax: (310) 444-0798
TDD: (310) 444-0704

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/14/12

HONORABLE Michael P. Vicencia        JUDGE

HONORABLE

        M. Murphy        Deputy Sheriff

DEPT. G

D. Oura        DEPUTY CLERK
M. Alvarado, C.A.

ELECTRONIC RECORDING MONITOR

JUDGE PRO TEM

B. Nagata CSR#12268        Reporter

8:30 am  NS023726
          In RE the Matter of:
          HEALTHSMART PACIFIC INC.
          VS
          GREGORY LYONS

          CCP 170.6 JUDGE KLEIN BY RESP
          ALL VOLS SENT TO APPEALS

Counsel for   Olaf Muller (X)
Petitioner    Healthsmart Pacific

Counsel for
Respondent

**NATURE OF PROCEEDINGS:**

ORDER TO SHOW CAUSE RE: CONTEMPT

Matter is called for hearing.

No calls or appearance by Respondent.

The Order To Show Cause Re: contempt is ordered
discharged.

Moving Party to give notice.

                Page   1 of   1    DEPT. G

MINUTES ENTERED
02/14/12
COUNTY CLERK

                                                        562

(Ex 14 5)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES
FOR IDENTIFICATION ONLY

DATE ___JUL 0 6 2012___  DNA ☐

TYPE OF HEARING _Jury Trial_

CASE NO. _ZWAC0946_

_Reyes_ EXH. NO. _Q_

CRIM 128 (09-05
(replaces CR 10A)

City of Los Angeles Mail - Fwd: Your Client Morgan Hotel Group Co. CV-00972 JHN ( ...   Page 1 of 3

P-40

Mail   Calendar   Documents   Sites   Video   Groups   More »

gail.shallowhorn@lacity.org | My account | Settings | Help | Sign out

Some important features may not work in this version of your browser, so you have been redirected to the Basic HTML version. Learn more.

LA GEECS

Search Mail | Search the Web

Show search options
Create a filter

**Compose Mail**

Inbox (41)
Starred ☆
Sent Mail
Drafts (2)
All Mail
Spam (79)
Trash

**Contacts**

**Labels**
Education
Follow up
Keep
Linda Hull
Misc
personal
personal/mem...
Priority
Sravan Putta...
Edit labels

« Back to Inbox    Archive    Report Spam    Delete

More Actions...    Go

1 of 87
Older ›

🖶 Print  📄 New window

## Fwd: Your Client Morgan Hotel Group Co. CV-00972 JHN ( PJW)

Inbox

Keith Fink <kfink@finksteinberg.com>                    📎 Fri, Apr 27 2012 at 12:57 PM
To: "gail.shallowhorn@lacity.org" <gail.shallowhorn@lacity.org>, Olaf Muller
<omuller@finksteinberg.com>

Reply | Reply to all | Forward | Print | Delete | Show original

Dear Ms. Shallow Horn

Mr. Lyons continues to violate the courts restraining orders and harass/stalk me, Mr. Muller and PHLB. He is prohibited from e-mailing me but continues to do so. He is prohibited from doing Internet searches on me but continues to do so. Here is his latest attempt to harass me. This e-mail was sent to opposing counsel in a case I have in federal court ( it settled but Mr. Lyons doesn't know this). He only could have found this out by doing a search of the cases I am handling. We know he does this as in various e-mails he includes on the cc line numerous attorneys who we have cases with my firm that have nothing to do with PHLB or Mr. Lyons.

Adding to the scary nature of all this is the fact that Mr. Lyons has a violent past is mentally disturbed. I have never met or spoken with Judge Nguyen. I have never appeared before her. How could I have "close ties" with her? Judge Taylor never ruled on behalf of Judge Nguyen. JW could a superior court rule that a federal judge must recuse herself from a federal matter? He is crazy but knows what he is doing is harassing-that's why he is doing this.

Please let me know if I should file a police report and what I can do to help the City Attorney on this matter.

Thank you.

Keith A. Fink
Fink & Steinberg
11500 Olympic Blvd, Suite 316
Los Angeles, California 90064
310-268-0782 (dd)
310-268-0790 (fax)
www.finklawfirm.com (web)

Begin forwarded message:

From: Greg Lyons <lyons.greg@sbcglobal.net>
Date: April 27, 2012 12:14:01 PM PDT
To: nyaffe@foxrothschild.com, lholloman@foxrothschild.com
Cc: kfink@finksteinberg.com, ksteinberg@finksteinberg.com, "b. kwaku duren" <bkwakuduren@gmail.com>, "b. kwaku duren" <bkwakuduren@msn.com>, Andrew Smyth <andrewsmyth@smythandsmyth.com>, Andrew Smyth <asrushtown@gmail.com>

4/27/2012

(Ex 4)



EXECUTIONS 11×20
3375784
3366 A-2W
Terminal Annex
P.O. Box 86164
Los Angeles, Calif.
90086

LEGAL
MAIL

CV13-1881 MWF (DTB)
3rd Amended Complaint
42 USC 1983

To, Hon. David T. Brewer,
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
3470 TWELFTH Street
Room 134
Riverside, CALIF 92501

RECEIVED
CLERK, U.S. DISTRICT COURT
NOV - 1 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

